Clarence L. **HEBRON**, Appellant,

v.

Luther **BROWN**, Jr., Appellee.

No. 7410.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 10, 1957.

Decided Oct. 22, 1957.

Paul Lee Sweeny, Washington, D. C. (Thomas A. Farrell, Washington, D. C., on brief), for appellant.

E. Waller Dudley, Alexandria, Va. (Boothe, Dudley, Koontz & Boothe, Alexandria, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal in a case involving a collision between a truck and an automobile. The case was heard before a jury which found a verdict for damages in favor of the driver of the truck and the driver of the automobile has appealed, claiming that there was error in denying his motion for a new trial, in refusing to submit certain questions to the jurors and in refusing certain requested instructions. It is well settled that the granting or refusing of a new trial is a matter resting in the sound discretion of the trial judge and so also is the question as to what inquiries may be made of the jurors for the purpose of determining their fitness to serve, so long as proper inquiry for the purpose

of determining their fitness is permitted. No abuse of discretion has been shown here. There was ample evidence to support the jury's verdict and the questions excluded were whether the jurors were indebted to a bank which had no connection with the case. It is argued that the questions should have been allowed because the senior member of the firm of attorneys representing the driver of the truck was president of the bank; but he was not appearing in court and the bearing of the questions upon the impartiality of the jurors was too remote for serious consideration.

■■ The requests for instructions have been duly considered, but their refusal was clearly proper. The automobile and truck were traveling in the same direction on a divided highway, the automobile being ahead of the truck. The question in the case was whether the collision occurred because the truck was negligently operated in approaching and attempting to pass the automobile, or whether the driver of the automobile negligently turned into the left lane of the highway in front of the passing truck. Requested instructions as to the right of way at intersections, as to the duty to slow up to a speed of five miles when crossing a railroad track and as to the duty to drive on the right half of the highway had no application to the facts of the case and would have served no purpose except to confuse the jury and divert its attention from the question at issue. The requested instruction on the last clear chance doctrine was likewise properly refused, since, if it be assumed that the driver of the automobile was negligent in driving into the pathway of the truck, there was nothing to support a finding that the driver of the truck became aware or should have become aware of the dangerous situation thus created in time to avoid the collision. There is evidence that he blew his horn and applied his brakes, but this does not mean that he could have sufficiently changed the course of the heavily loaded truck to have avoided the collision, and the evidence is to the contrary. An exception to the charge to the effect that the jury could consider circumstances existing on the highway without specifically mentioning photographs in connection therewith is entirely without merit.

The case was carefully and correctly tried and the only real question in the case was a question of fact which cannot be retried here.

Affirmed.