Lester LANGLEY, Appellant,

v.

TURNER'S EXPRESS, INCORPO-RATED, Appellee.

Marge LANGLEY, Appellant,

v.

TURNER'S EXPRESS, INCORPO-RATED, Appellee.

Nos. 10819, 10820.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 10, 1967.

Decided March 20, 1967.

Morris H. Fine, Norfolk, Va., on brief for appellants.

Virgil S. Gore, Jr., Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

On voir dire the plaintiffs in these typical automobile negligence cases requested and the judge refused submission of the following questions to the panel:

(1) "Are you a shareholder, stockholder, director, officer, employee, policyholder, or in any manner interested in any insurance company issuing policies for protection against liability for injury in connection with damages to persons or to property?"[1]

(2) "Do you have any prejudice against attorneys recovering as their fee in a case of this nature a portion of the amount covered?"

■■ Plaintiffs contend that the refusal to propound these questions to the panel unlawfully interfered with effective use of plaintiffs' right to challenge jurors peremptorily. We agree that the peremptory challenge "has very old credentials," Swain v. State of Alabama, 380 U.S. 202, 212, 85 S.Ct. 824, 13 L.Ed. 2d 759 (1965), and that questioning calculated to ascertain the possibility of bias is a prerequisite to the exercise of the right. Although denial or impairment of the right to challenge peremptorily is reversible error without a showing of prejudice, Swain v. State of Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), reasonable restraint of questioning is not—absent a showing of prejudice. Duff v. Page, 249 F.2d 137, 139 (9th Cir. 1957); Smedra v. Stanek, 187 F.2d 892, 895 (10th Cir. 1951); Fed.R.Civ.P. 61.

Whatever may be the motivation for such questions, the effect of propounding them is to suggest to the jury (a) that defendant has liability insurance coverage, and (b) that in order to award plaintiff a given net sum the jury must award an additional amount to cover counsel fees.

We must strike a balance between the probability of danger to plaintiffs that someone sympathetic to insurance companies may remain on the jury and the danger to defendant that the jury may award damages without fault if aware that there is insurance coverage to pay the verdict. We think the latter danger is greater than is the former,[2] and are not persuaded otherwise by Kiernan v. Van Schaik, 347 F.2d 775 (3rd Cir. 1965).

■■ In thus striking the balance, we are in accord with Virginia law, which has consistently held that evidence as to insurance coverage is inadmissible and prejudicial to a defendant and the admission of such testimony or argument of counsel disclosing insurance coverage is reversible error. Bowie v. Sorrell, 209 F.2d 49, 50, 43 A.L.R.2d 781 (4th Cir. 1963), and cases cited therein.

We need not decide whether the question, arising as it does in a federal procedural context, involves the substantive law of Virginia which must be applied in a diversity case. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Nor need we decide whether the desirability of obtaining the same result in both state and federal courts should militate for adoption of the state rule in the federal procedure of jury selection. Compare Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Here the ruling of the district judge and the law of Virginia are not in conflict.[3]

1. Subsequently, while testifying as a witness in his own behalf, plaintiff Lester Langley disclosed to the jury, deliberately in the opinion of the district judge, that defendant trucking company had automobile liability insurance. The insurance company was not named and was not a party. Despite the disclosure, the jury decided the cases for the defendant, and plaintiffs appeal.

2. The question propounded is not the only way to guard against the selection of a juror who might turn out to be an insurance agent, claims adjuster, or an officer or employee of a casualty insurance company. Certainly, we do not suggest that reasonable questioning with regard to employment and business interest should be prevented.

3. In Goosman v. A. Duie Pyle, Inc., 320 F. 2d 45, 49 (4th Cir. 1963), the court noted

298

■ The propriety of submission of the second question relating to contingency of fee is not supported in the briefs by reason or authority. We think the district judge clearly correct in refusing to propound it.

■ The proper scope of questioning on voir dire is ordinarily within the sound discretion of the district judge. Absent a showing of compelling need to propound such questions, we think the district judge clearly correct in refusing them. Here there is no showing of prejudice and no abuse of discretion. See Hebron v. Brown, 248 F.2d 798 (4th Cir. 1957); Smedra v. Stanek, 187 F.2d 892, 895 (10th Cir. 1951); 31 Am.Jur. Jury § 209, at 178 (1958); 50 C.J.S. Juries § 275(c) (2), at 1046–1051 (1947).

Affirmed.

the similarity of the state and federal rules with respect to the scope of voir dire (questions propounded did not relate to insurance). In Lentner v. Lieberstein, 279 F.2d 385, 387 (7th Cir. 1960), the

court assumed that a federal court should apply the state rule (questions re insurance).