KAREN GUESS RAINES, ET AL.

V.

WALLACE B. LUTZ

Record No. 821730

March 7, 1986

Present: All the Justices

*William B. Allen, III (Allen & Allen*, on brief), for appellants.
*Ronald D. Hodges (Wharton, Aldhizer & Weaver*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This case presents the question whether the written opinion of a medical malpractice review panel, when admitted into evidence at trial pursuant to Code § 8.01-581.8, is in itself sufficient to establish a prima facie case of negligence and proximate cause for the plaintiff. The question, more specifically, is whether such a written opinion satisfies the requirements, governing professional malpractice cases generally, that the appropriate standard of care, as well as any departure from that standard, must be proved by expert testimony.

The plaintiffs, Karen Guess Raines and her sister, Kristine Guess, filed a notice of claim against Wallace B. Lutz, a dentist

practicing in Edinburg, Shenandoah County, pursuant to the medical malpractice statutes (Code § 8.01-581.1, et seq.) alleging dental malpractice. Dr. Lutz requested review and hearing by a panel. At the conclusion of the hearing, a majority of the panel, consisting of one dentist and three attorneys, subscribed an opinion that Dr. Lutz had failed to comply with the appropriate standard of care and that such failure was the proximate cause of the alleged damages. A minority report was signed by the remaining two dentists on the panel, who concluded that Dr. Lutz had failed to comply with the appropriate standard of care, but that such failure was *not* a proximate cause of the alleged damages.

The plaintiff sisters filed separate suits against Dr. Lutz which were consolidated for a jury trial. At trial, the plaintiffs and their mother testified to the course of their treatment by Dr. Lutz over a ten-year period. The plaintiffs also presented the testimony of Dr. Douglas S. Bruce, a dentist practicing in New Market, who treated them after they had left the care of Dr. Lutz. Dr. Bruce testified that both plaintiffs suffered from conditions of poor oral hygiene and required extensive restorative work. He described the conditions he observed and the treatment he provided, but he was not asked to express, and did not express, any opinion as to the appropriate standard of care governing Dr. Lutz' treatment or whether Dr. Lutz had departed from such a standard.

At the conclusion of Dr. Bruce's testimony, the plaintiffs offered in evidence the opinion of the review panel. The trial judge read to the jury both the majority and minority reports of the panel, identifying the names and professions of the panel members who had subscribed each opinion. The plaintiffs did not call any panel members as witnesses, but rested their cases, taking the position that the panel report supplied the requirement of expert testimony.

Dr. Lutz moved to strike, but the court denied the motion and the jury heard evidence for the defense. The defense renewed its motion to strike at the close of all the evidence, but the court again overruled it, sending the case to the jury with an instruction that the opinion of the review panel was not binding upon the jury, but was to be considered along with the other evidence. The jury returned separate verdicts for the two plaintiffs, each in the amount of $10,000. The defendant filed a motion to set aside the verdicts. After taking the matter under consideration, the court

sustained the motion and set aside the verdicts. The court's letter opinion stated:

> I certainly assume that the primary purposes [of the medical malpractice statutes] were to protect health care providers from frivolous claims and to encourage settlement of meritorious claims. . . . I do not believe that one of the purposes was to relieve a party plaintiff of the necessity of producing expert testimony on the subjects of negligence and proximate cause, and the fact that the opinion of the Malpractice Review Panel is made admissible by statute in no way relieves a plaintiff of the burden of making out a *prima facie* case exclusive of the panel's opinion.

The court entered judgment for the defendant and we awarded the plaintiffs a consolidated appeal.

■ Health care providers are required by law to possess and exercise only that degree of skill and diligence practiced by a reasonably prudent practitioner in the same field of practice or speciality in Virginia.[1] We have held that expert testimony is ordinarily necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such a deviation was the proximate cause of the claimed damages.[2] *Bly v. Rhoads*, 216 Va. 645, 653, 222 S.E.2d 783, 789 (1976); *see also Little v. Cross*, 217 Va. 71, 75, 225 S.E.2d 387, 390 (1976).

Plaintiffs concede that the law was in the posture outlined above before 1976, but argue that the enactment of the medical malpractice statutes, Code §§ 8.01-581.1, *et seq.*, effected a procedural change whereby the written opinion of a medical malpractice review panel, when admitted into evidence at trial pursuant to Code § 8.01-581.8,[3] "satisfies the requirements for expert testi-

---

[1] This statewide standard has applied since the effective date of Code § 8.01-581.20 in 1979. The older "same or similar community" standard applied to this case because Dr. Lutz' course of treatment was alleged to have ended in 1976 with respect to each plaintiff.

[2] Exceptions exist in those rare cases in which a health care provider's act or omission is clearly negligent within the common knowledge of laymen. *Easterling v. Walton*, 208 Va. 214, 218, 156 S.E.2d 787, 790-91 (1967) (foreign object left by surgeon in patient's body). *Id.* at 218.

[3] **§ 8.01-581.8: Admissibility of opinion as evidence; appearance of panel members as witnesses; immunity from civil liability.** — An opinion of the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such opinion shall not be conclusive and either party shall have the right to call, at

mony to establish the standard of care and the instances of negligence." This is so, say the plaintiffs, because the panel's report is itself an expert opinion.[4]

■ The flaw in plaintiffs' argument is that the panel's opinion, although it may state opinions concerning deviation from the appropriate standard of care as well as proximate causation, does nothing to educate the jury with respect to the standard of care itself. If the opinion of the panel were the sole expert evidence in the case, the jury would be left to speculation concerning a vital element of the alleged wrong. The General Assembly made no provision for an expression of opinion by the panel with regard to the nature of the appropriate standard. The panel's report follows a format prescribed by statute:

Opinion of panel. - A. Within thirty days, after receiving all the evidence, the panel shall have the duty, after joint deliberation, to render one or more of the following opinions:

1. The evidence does not support a conclusion that the health care provider failed to comply with the appropriate standard of care;

2. The evidence supports a conclusion that the health care provider failed to comply with the appropriate standard of care and that such a failure is a proximate cause of the alleged damages;

3. The evidence supports a conclusion that the health care provider failed to comply with the appropriate standard of

---

his cost, any member of the panel, except the chairman, as a witness. If called, each witness shall be required to appear and testify. The panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed by this chapter.

[4] Plaintiffs here rely on *Hines* v. *Elkhart General Hospital*, 465 F. Supp. 421 (N.D. Ind.), *aff'd*, 603 F.2d 646 (7th Cir. 1979); *Eastin* v. *Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977); *Butler* v. *Flint-Goodridge Hospital of Dillard*, 354 So.2d 1070 (La. Ct. App. 1978); *Prendergast* v. *Nelson*, 199 Neb. 97, 256 N.W.2d 657 (1977); *Suchit* v. *Baxt*, 176 N. J. Super. 407, 423 A.2d 670 (1980); *Comiskey* v. *Arlen*, 55 A.D.2d 304, 390 N.Y.S.2d 122 (1976). In these cases the several courts upheld the constitutionality of medical malpractice statutes and held that the reports of the statutory panels were admissible in evidence. None, however, decided the question involved here: whether such a report would be sufficient to make out a prima facie case if it were the *sole* evidence. The only authority cited by plaintiffs for that proposition is *Robinson* v. *Mroz*, 433 A.2d 1051 (Del. Super. Ct. 1981), which plaintiffs concede was based upon a statute expressly providing that the panel's opinion would be a sufficient substitute for expert testimony.

care and that such failure is not a proximate cause in the alleged damages; or

4. The evidence indicates that there is a material issue of fact, not requiring an expert opinion, bearing on liability for consideration by a court or jury.

Code § 8.01-581.7(A).

■ The medical malpractice statutes did not supersede the jury system. The determination of negligence, proximate cause, and damages remains within the jury's province. In cases of this kind, the jury must make an objective determination, based upon evidence and not upon speculation, whether the appropriate standard of care has been followed. The jury cannot make such a determination without evidence of what the standard was.

■ Moreover, the jury has not lost to a panel of experts its prerogative to determine whether the standard was violated. The statute specifies that the panel's opinion is not conclusive upon the jury. If the jury, however, is given no evidence of the nature of the standard, but must base its verdict entirely on an expert opinion that some unspecified standard was or was not violated, just such a loss will have occurred.

■ The General Assembly, in enacting the medical malpractice laws, did not decide to make the review panel's opinion a sufficient substitute for expert testimony, or indeed, conclusive upon the jury. By providing that the panel members might be called as witnesses, the General Assembly not only met the beneficent legislative purposes mentioned in the trial court's opinion, but also provided meritorious plaintiffs with ready (although not necessarily inexpensive) access to an expert witness. By striking that balance, the legislature preserved the defendant's right to cross-examine the plaintiff's expert witness in the jury's presence. That valuable right would be lost if we were to take the view urged by the plaintiffs.

■ We adhere to the rule of *Bly* v. *Rhoads*, that expert testimony is ordinarily required in malpractice cases "on [1] the standard of care, [2] a deviation from the standard, and [3] causation," 216 Va. at 653, 222 S.E.2d at 789, and we hold that the written opinion of the medical malpractice review panel was not in itself sufficient to fulfill those requirements. It follows that the

trial court correctly set aside the verdicts and entered final judgments for the defendant.

The judgments will be

*Affirmed.*