## Brian Norris Speet, et al.

### v.

## Taullah Bacaj, m.d.

Record No. 860655

March 3, 1989

Present: Carrico, C.J., Compton, Stephenson, Thomas, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Susan E. Cummins (J. Hunt Brasfield; Wayne M. Mansulla; Ashcraft & Gerel, on brief), for appellants.*

*Norman F. Slenker (Slenker, Brandt, Jennings & Johnston, on brief), for appellee.*

STEPHENSON, J., delivered the opinion of the Court.

In this appeal from a judgment entered in a medical malpractice action, the dispositive issues are whether the trial court erred (1) in refusing to permit the plaintiffs to inquire during jury *voir dire* about the veniremen's knowledge of the medical malpractice insurance crisis, (2) in admitting the malpractice panel opinion into evidence, and (3) in refusing a jury instruction, offered by the plaintiffs, concerning the weight to be accorded the panel's opinion.[1]

Brian Norris Speet, an infant, Mary C. Speet, Brian's mother, and Donald Norris Speet, Brian's father (collectively, the Speets), filed separate actions against Dr. Taullah Bacaj, an obstetrician. Each plaintiff alleged that Bacaj committed medical malpractice in the delivery of Brian. Brian alleged that the malpractice caused him to suffer severe brain damage. Mary and Donald claimed that they were entitled to recover damages for emotional distress they suffered as a result of the injuries negligently inflicted upon Brian in the delivery process.

The trial court submitted Brian's case to the jury. The court ruled, however, that neither Mary nor Donald was entitled to recover damages for emotional distress solely resulting from Brian's injuries. Thus, only the parents' claims for Brian's past and future medical expenses were submitted to the jury.

The jury returned verdicts in Bacaj's favor as to all claims submitted, and the trial court entered judgment on the verdicts. The plaintiffs appeal.

I

Before examining the prospective jurors, the Speets requested that they be allowed "to inquire of the jury what their knowledge is of the medical malpractice crisis and whether or not this will influence their decision in this particular case." The trial court

---

[1] Appellants raise other issues that we will not address because objection was not made to the trial court's ruling as required by Rule 5:25. These issues are whether the trial court erred (1) in restricting the examination of the malpractice review panel members, and (2) in refusing to admit into evidence a laboratory report of a so-called "titer test."

Additionally, we will not address appellants' contention that the trial court erred in refusing to admit into evidence certain published materials, because the record does not disclose that appellants offered the materials for admission. Rule 5:25.

denied the request, stating, "Our Supreme Court has made it very clear that any mention of insurance is strictly verboten and grounds for an immediate mistrial."

The Speets contend that the trial court erred in denying their request to examine prospective jurors about their knowledge of the so-called medical malpractice insurance crisis. They claim that their case "was tried in an environment inundated with press coverage by the media concerning a crisis which has detrimentally [a]ffected the insurance industry as a consequence of enumerable claims instituted for personal injury." Therefore, they opine, "it was virtually impossible to ensure that a fair and impartial jury was selected in the absence of [such an] inquiry."

Code § 8.01-358 provides as follows:

**Voir dire examination of persons called as jurors.** — The court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case.

A juror, knowing anything relative to a fact in issue, shall disclose the same in open court.

■ While the examination of veniremen is a matter of right, the scope of the examination is a matter which rests within a trial court's sound discretion. *Davis* v. *Sykes*, 202 Va. 952, 956, 121 S.E.2d 513, 516 (1961). A trial court's ruling on the matter, therefore, will not be disturbed on appeal unless it shall plainly appear that the court abused its discretion.

■ It has been a long-standing rule in Virginia that, in a personal injury action, any comment deliberately made to inform the jury that a defendant is insured against the accident constitutes reversible error. *See, e.g., Davis* v. *Maynard*, 215 Va. 407, 211 S.E.2d 32 (1975); *Travelers* v. *Lobello*, 212 Va. 534, 186 S.E.2d 80 (1972); *Hope Windows* v. *Snyder*, 208 Va. 489, 158 S.E.2d

722 (1968); *Lanham v. Bond*, 157 Va. 167, 160 S.E. 89 (1931); *Rinehart & Dennis Co. v. Brown*, 137 Va. 670, 120 S.E. 269 (1923).

In *Hope Windows*, following a jury *voir dire* examination pursuant to the statute, plaintiff's counsel, in the presence of the jury panel, said, "I would like to know, your Honor, if any members of this panel have ever worked or are presently working for an insurance company." 208 Va. at 491, 158 S.E.2d at 724. The defendant immediately moved to have the court discharge the panel and declare a mistrial. The trial court denied the motion, although the court opined that the statement was made deliberately and not inadvertently. *Id.*

In reversing the trial court, we said:

It is fundamental that the parties to an action for personal injuries . . . are entitled to an impartial jury. The purpose of the voir dire examination provided for by [statute] is to ascertain whether any juror has an interest in the case, or any bias or prejudice in relation to it, and if he "stands indifferent in the cause." The examination should not be so limited as to impede the solicitation of information in deciding whether a juror is impartial. *On the other hand, the questions asked can convey to the panel certain information that would prevent them from being impartial and may act as a sword rather than a shield.* Thus the voir dire examination must be conducted with great care if its goal of obtaining impartial jurors is to be realized.

*Id.* at 491-92, 158 S.E.2d at 724 (emphasis added) (citations omitted).

In *Langley v. Turner's Express, Incorporated*, 375 F.2d 296 (4th Cir. 1967), the trial court had refused to ask prospective jurors whether they were stockholders, directors, employees, or policy holders, in a liability insurance company. The Court of Appeals for the Fourth Circuit, applying Virginia law, held that the trial court did not err, noting that oftentimes a trial court must apply a balancing test in an effort to secure an impartial jury.

We must strike a balance between the probability of danger to plaintiffs that someone sympathetic to insurance companies may remain on the jury and the danger to defendant that the jury may award damages without fault if aware that

there is insurance coverage to pay the verdict. We think the latter danger is greater than is the former . . . .

*Id*. at 297.

■ Clearly, the Speets' requested examination would have injected the subject of insurance into the trial. Such an inquiry arguably could have impaired the jurors' impartiality by acting as "a sword rather than a shield." We conclude, therefore, that the trial court did not abuse its discretion in refusing to allow the Speets to examine the jury panel about the medical malpractice insurance crisis.

## II

■ Code § 8.01-581.8 provides, *inter alia*, that the "opinion of the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such opinion shall not be conclusive and either party shall have the right to call . . . any member of the panel, except the chairman, as a witness." The Speets contend, nonetheless, that the trial court erred in admitting the panel's opinion into evidence. They make a two-pronged argument in support of this contention.

## A

First, the Speets assert that the admission of the opinion into evidence constitutes "an unconstitutional infringement on their right to a jury trial" as guaranteed by Article I, Section 11, of the Constitution of Virginia. They argue that "[b]ecause the jury would be likely to impute undue weight to the panel's decision, [they] were denied their right to a free and untrammeled jury consideration of the issues."

■ All enactments of the General Assembly are presumed to be constitutional, and therefore, a party who assails the legislation bears the burden of proving unconstitutionality. *Etheridge* v. *Medical Center Hospitals*, 237 Va. 87, 94, 376 S.E.2d 525, 528 (1989). Thus, courts will declare legislation invalid only when it is clearly repugnant to a constitutional provision. *Id*. Indeed, if a reasonable doubt exists as to the provision's constitutionality, the doubt must be resolved in favor of its validity. *Id*.

■ The Constitution guarantees the right of trial by jury, however, only in those cases where the right existed when the Constitution initially was adopted. *Id*. at 95, 376 S.E.2d at 528.

*Bowman* v. *Va. State Entomologist*, 128 Va. 351, 372, 105 S.E. 141, 148 (1920). When the Virginia Constitution first was adopted, "the jury's sole function was to resolve disputed facts," *Etheridge*, 237 Va. at 95, 376 S.E.2d at 529. This continues to be the jury's sole function. *Id.* "Thus, the Virginia Constitution guarantees only that a jury will resolve disputed facts." *Id. See also Forbes & Co.* v. *So. Cotton Oil Co.*, 130 Va. 245, 260, 108 S.E. 15, 20 (1921).

■ Admission of the panel opinion into evidence does not impinge upon a jury's function of resolving disputed facts; "[t]he determination of negligence, proximate cause, and damages remains within the jury's province." *Raines* v. *Lutz*, 231 Va. 110, 115, 341 S.E.2d 194, 197 (1986). Indeed, the "panel's decision is only an opinion that becomes an item of evidence at the trial but is not conclusive." *Klarfeld* v. *Salsbury*, 233 Va. 277, 285, 355 S.E.2d 319, 323 (1987). We hold, therefore, that the admission of the panel's opinion into evidence did not infringe upon the Speets' right to a trial by jury as guaranteed by the Constitution of Virginia.[2]

## B

Second, the Speets claim that the admission of the panel's opinion into evidence violates "well settled law . . . that only expert testimony can be used to establish the standard of care in medical malpractice cases." We do not agree.

■ A similar claim, albeit from a different perspective, was advanced in *Raines* where plaintiffs argued that because the panel opinion was admissible it " 'satisfies the requirements for expert testimony to establish the standard of care.' " 231 Va. at 113-14, 341 S.E.2d at 196. In rejecting the argument, we said that although the panel's decision "may state opinions concerning deviation from the appropriate standard of care as well as proximate causation, [the panel's opinion] does nothing to educate the jury with respect to the standard of care itself." *Id.* at 114, 341 S.E.2d at 197. We concluded in *Raines* that, although the panel's opinion is admissible in evidence, "[t]he General Assembly . . . did not

---

[2] In *DiAntonio* v. *Northampton-Accomack Memorial*, 628 F.2d 287, 291-92 (4th Cir. 1980), the court held that the admission of the panel opinion does not violate the right to a jury trial as guaranteed by the Seventh Amendment of the Constitution of the United States.

decide to make the . . . opinion a sufficient substitute for expert testimony, or indeed, conclusive upon the jury." *Id.* at 115, 341 S.E.2d at 197.

In the present case, neither the Speets nor Bacaj relied upon the panel's opinion to establish the appropriate standard of care. Instead, they both produced their own experts who testified on the subject. We, therefore, find no merit to this argument.

## III

The Speets further contend that the trial court erred in refusing the following jury instruction:[3]

> The plaintiff has requested a trial by jury in this matter, and is entitled to such by both the Constitution of the United States and the Constitution and Statutes of the Commonwealth of Virginia.
>
> Neither the opinion of the Medical Malpractice Review Panel, nor the testimony of any panel member, is binding upon you. It is only to be considered as some evidence.

The Speets argue that "[t]he effect of the trial court's ruling was to impede the jury's ability to evaluate the panel's findings with independence and objectivity." We disagree.

The first paragraph of the refused instruction purported to instruct the jury about irrelevant and unnecessary matters, which may have confused the jury. Thus, the trial court properly refused the instruction.

## IV

For the reasons stated, we find no error in the trial court's rulings as they relate to Brian's personal injury claim and to the parents' claim for past and future medical expenses. Therefore, we will affirm the judgment in favor of Bacaj as to those claims.

The parents also contend that the trial court erred in ruling that they do not have a right of action for emotional distress suffered by them as a result of injuries negligently inflicted on

---

[3] In refusing the instruction, the trial court agreed to give the following instruction:
    The opinion of the Medical Review Panel is not binding upon you. You should consider it along with the other evidence.
The record shows, however, that this instruction was not offered by either party and, therefore, was not given by the trial court.

Brian in the birth process. Because we have affirmed the trial court's judgment that the evidence fails to show that Bacaj was guilty of primary negligence in Brian's delivery and because the parents' claim for emotional distress is wholly derivative of Brian's claim, it follows that the evidence is insufficient to prove the parents' claim.

Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*