## CIRCUIT COURT OF THE CITY OF LYNCHBURG

Dowdy

v.

Blackburn

October 4, 1991

By JUDGE J. MICHAEL GAMBLE

I have considered the Motion in Limine which has been filed by Mr. Sackett. Mr. Sackett, who represents the defendant, Dr. Blackburn, has requested that the Court not allow Mr. Rider, one of the Medical Malpractice Review Panel members, to testify that if he would have heard the testimony of Mrs. Betty Bomar, he would have individually arrived at a different conclusion. It is the understanding of the undersigned that the panel unanimously decided that there was no breach of duty to provide a standard of care which was a proximate cause of the alleged damages.

Apparently, the Chairman of the panel, Judge Sweeney, ruled that Mrs. Bomar could not testify to the panel that the plaintiff complained of low back pain when they were joint occupants of a hospital room. Judge Sweeney would not allow her to testify because she was not identified as a witness for the plaintiff in sufficient time for the defendant to adequately discover her testimony. According to the plaintiff, Mrs. Bomar has now been summoned for trial and has been deposed by the parties. The plaintiff intends to call one member of the Medical Malpractice Review Panel, Mr. Rider, an attorney. It is proffered that Mr. Rider will say that if he had heard the testimony of Mrs. Bomar, he would have arrived at a different opinion.

Assuming that Mr. Rider's testimony is not speculative and that he is certain that he would have arrived at a different opinion, I must rule that this testimony is admissible. Section 8.01-581.8 of the Code of Virginia specifically provides that each member of the panel, except the chairman, may be called as a witness to appear and testify.

In *Klarfeld v. Salsbury*, 233 Va. 277, 285 (1987), the Supreme Court of Virginia stated:

> Unlike a jury's verdict, a malpractice panel's decision is only an opinion that becomes an item of evidence at the trial but is not conclusive . . . . And such item of evidence should be subject to scrutiny, just as any other piece of evidence, in order to test its probative value and credibility.

The Court in *Klarfeld v. Salsbury*, at page 286, further stated:

> We conclude that a panelist may be questioned . . . about for example . . . the reasoning employed by the deponent and the basis for his decision reached during deliberations . . . In summary, a party . . . should be permitted to ask a panelist any question designed to test the probative value or credibility of the panel's opinion.

Accordingly, it seems logical that if the reasoning employed by the panelist and the basis for his conclusion reached during deliberations is admissible, then certainly it can be inquired of the panelist whether if the panelist had received certain other information that would have changed his or her opinion. Obviously, if this type of evidence is admitted, the opposing party has every right to establish through questioning and argument that even though one panelist may change his or her opinion, this does not change the opinion of the panel. Additionally, and in accordance with § 8.01-581.8 of the Code of Virginia and *Raines v. Lutz*, 231 Va. 110 (1986), I think the Court should instruct the jury that the testimony of the panelist

274

is not conclusive at the trial and is not sufficient as expert testimony.