76 F.3d 372
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John A. GRIFFITHS, Plaintiff-Appellant,
v.
SIEMENS AUTOMOTIVE, L.P.; Siemens Personal Accident
Insurance Plan, Defendants-Appellees,
and
Brenda LIVELY, Defendant.
 No. 95-2563.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 11, 1996.
Decided Jan. 31, 1996
 
 John A. Griffiths, Appellant Pro Se. James Patrick McElligott, Jr., David Frederick Dabbs, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellees.
 Before RUSSELL, HALL, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John A. Griffiths appeals from a district court judgment for Defendants. We affirm.
 
 
 2
 Griffiths was burdened on remand with showing that he suffered an accident covered by his employer's insurance plan. See Griffiths v. Siemens Automotive, L.P., No. 92-2118 (4th Cir. Nov. 16, 1994) (unpublished). His sole evidence during trial was that his treatment for a duodenal ulcer should not have resulted in organic brain disease and an abdominal hernia. Because the proof failed to show an accident or malpractice that would constitute an accident during treatment, Fitzgerald v. Manning, 679 F.2d 341, 347 (4th Cir.1982); Raines v. Lutz, 341 S.E.2d 194, 197 (Va.1986), and was insufficient to support application of the res ipsa loquitur doctrine, Easterling v. Walton, 156 S.E.2d 787, 789-91 (Va.1967); Danville Community Hosp., Inc. v. Thompson, 43 S.E.2d 882, 886-87 (Va.1947), the district court correctly found Griffiths failed to support his claim for payment of insurance proceeds. Griffiths's claims of error on appeal are moot in light of his failure to meet his burden of proof.
 
 
 3
 Therefore, we affirm the district court judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.