# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Bonny L. Whaling

   v.

Jill Joyce

February 26, 1997

Case No. CL95-285

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court on February 13, 1997, for the presentation of oral argument on the Defendant's Motion for Summary Judgment. This litigation involves an allegation by the Plaintiff that the Defendant, a psychiatrist, was negligent in failing to diagnose that the Plaintiff was suffering from "Graves Disease" and in hospitalizing the Plaintiff for depression and anxiety.

The parties filed their responsive pleadings in a timely fashion, and the Court entered a Pre-Trial Order which states in part that the Plaintiff had to disclose any expert witnesses and a summary of that expert's opinion that plaintiff expected to use at trial prior to December 22, 1995. The Pre-Trial Order further provides that "experts and expert testimony not identified, disclosed, and offered, for deposition, pursuant to the terms of [this Order] . . . shall not be admitted into evidence at trial or referenced or mentioned in any argument by either party. . . ." (Pre-Trial Order p. 2, ¶ 6.)

In accordance with the Pre-Trial Order, Plaintiff disclosed Mark A. McClanahan, M.D., an endocrinologist, as her only expert witness. In accordance with the terms and conditions of the Pre-Trial Order, the expert

witness' testimony will be limited to the opinions expressed in the Plaintiff's written summary of the expert testimony.

In a medical malpractice action, the Plaintiff has the burden of proving that the conduct of the Defendant practitioner fell below that degree of skill and diligence practiced by a reasonably prudent practitioner in the field of practice or specialty. Section 8.01-581.20, Va. Code (1950, as amended). In this case, the Plaintiff has the burden of therefore proving that the Defendant's actions fell below that degree of skill and diligence that a reasonably prudent Virginia psychiatrist would have exhibited under the same circumstances. The Plaintiff also has the threshold burden of establishing the standard of care of a reasonably prudent Virginia psychiatrist in 1993, the date of the Defendant's alleged misconduct.

The qualifications of an expert witness who will testify in a medical malpractice case in Virginia are set forth in § 8.01-581.20, Va. Code (1950, as amended). In summary, the proposed expert must (1) have had an active clinical practice in the Defendant's specialty or a related field of medicine within one year of the alleged malpractice, (2) have knowledge of the standards of the Defendant's specialty, and (3) know what conduct conforms to the standards of care. The evidence is clear that Plaintiff's expert witness did not have an active clinical practice in the Defendant's specialty or a related field of medicine within one year of the alleged malpractice. Furthermore, this Court is of the opinion that the Plaintiff's witness's expertise in the field of endocrinology does not qualify him as a practitioner in a related field to the Defendant's specialty of Psychiatry. However, Plaintiff argues that the review of a "TSH" test result and the conclusions or diagnosis that should have followed in this case is a fundamental skill for all medical practitioners. According to Dr. McClanahan:

> It is not just a psychiatric issue. These are endocrine tests, and it's psychiatrists that would be seeing these tests. . . .
>
> Q. So it wouldn't make much difference in your mind then what the specialty of the doctor was?
>
> A. No . . . this is medical school stuff.

(McClanahan Deposition, p. 9.)

In short, Plaintiff would argue that there is a minimum standard of care that applies to all persons holding a medical school degree. These general skills and knowledge transcend all medical specialties and practice expertise.

This Court has not been able to find any legal authority in support of Plaintiff's position. Health care providers are required by law to possess and exercise only that degree of skill and diligence practiced by a reasonably prudent practitioner in the same field of practice or specialty in Virginia. *Raines v. Lutz*, 231 Va. 110, 113 (1986). Furthermore, the Supreme Court of Virginia has consistently applied a strict interpretation to the provisions of Section 8.01-581.20, Va. Code (1950, as amended) in determining whether medical practitioners in fact qualify as expert witnesses for medical malpractice litigation purposes. *Fairfax Hosp. Sys. v. Curtis*, 249 Va. 531, 536-37 (1995). The Court therefore concludes that Plaintiff's proposed expert witness does not satisfy the statutory qualifications to testify as an expert witness in this matter.

Clearly, the Plaintiff cannot therefore establish the standard of care for a psychiatrist through the testimony of an endocrinologist. Therefore, pursuant to the terms of this Court's Pre-Trial Order, Plaintiff cannot carry her burden of proof as a matter of law without the testimony of a qualified expert witness.

It is therefore adjudged, ordered, and decreed that the Defendant's Motion for Summary Judgment is granted pursuant to Rule 3:18 of the Virginia Supreme Court.