# CIRCUIT COURT OF WISE COUNTY

Teresa Litton

v.

Braxton F. Cann, Jr.,
Braxton F. Cann, Jr., M.D., P.C.,
Patty Biles,
and Wellmont Health System,
d/b/a Lonesome Pine Hospital

November 10, 1998

Case No. L98-19

BY JUDGE FORD C. QUILLEN

The issue before the Court is whether a mother can recover emotional distress damages for witnessing an injury negligently inflicted upon her infant daughter.

### *Facts*

The facts before the Court in regard to the claim are that on January 29, 1996, Cayla Litton, the four-year old infant daughter of the plaintiff, underwent a tonsillectomy, appendectomy, and a bilateral ear tube replacement. The procedure was performed by Dr. Cann at Lonesome Pine Hospital, and anesthesia services were provided by Patty Biles, C.R.N.A.

The plaintiff alleges in her Motion for Judgment that the defendants administered excessive amounts of medication for sedation to her daughter, Cayla, which during the surgery caused Cayla to experience severe respiratory distress and required extensive medical treatment due to respiratory acidosis and respiratory failure and possible aspirational pneumonia, which involved reintubation. Because of the critical condition of Cayla, she was then transferred to Johnson City Medical Center for further medical treatment.

The mother, who had accompanied her daughter to the hospital, alleges that she was traumatized immediately upon the injury to her daughter and began suffering great emotional turmoil and distress, which resulted in physical symptoms, including but not limited to sleeplessness and loss of appetite. She alleges she has suffered and will continue to suffer severe emotional distress as a result of the defendants' negligence. These allegations are contained in Paragraph 16 of the Motion for Judgment and are the subject of the defendants' demurrers.

## Law in Virginia After 1973

Prior to 1973, the Virginia courts operated on the legal principle that there could be no recovery for mental anguish and suffering from negligence unaccompanied by a physical injury and impact.

In 1973, in the case of *Hughes v. Moore*, 214 Va. 27 (1973), the plaintiff was looking through the window of her home and witnessed the defendant's car crash into her house. From the shock of this event, the plaintiff proved that she received both physical injury and emotional distress. The court held that the plaintiff could recover without physical impact. However, in this case, the Virginia court was concerned that this decision might be misconstrued to allow a bystander to recover in a claim for emotional distress and stated the following:

> Under the rule adopted today we are not saying that a plaintiff, in an action for negligence, may recover damages for physical injuries resulting from fright or shock caused by witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, or caused by seeing the resulting injury to a third person after it has been inflicted through defendant's negligence.

*Hughes v. Moore, supra.*

## Other States

Today, over half of the states allow some type of action by a bystander or witness for the negligent infliction of emotional distress. This includes witnessing an injury to a person struck by an automobile, malpractice, or other tortious conduct. Of those states that allow recovery, most impose some type of restriction or safeguard on the plaintiff's claim. Some examples of these safeguards are the plaintiff must be present and witness the event or be in a

"zone of danger," have a close relationship to the injured party, and the act must have been foreseeable and the emotional distress would be more serious than a disinterested witness would have incurred.

### Present Law in Virginia

The cases most recently cited in Virginia are *Naccash v. Burger*, 223 Va. 406 (1982), and *Bulala v. Boyd*, 239 Va. 218 (1990), and *Speet v. Bacaj*, 237 Va. 290 (1989). All three of these cases are limited in scope and involve a malpractice claim for either the "wrongful birth of a child" or the "birth of a severely injured child inflicted during the delivery."

### Naccash v. Burger

In *Naccash v. Burger*, the Supreme Court of Virginia recognized a cause of action for the "wrongful birth" of a child. In *Naccash*, parents and child brought suit against a physician for his negligence in misdiagnosing Mr. Burger as a carrier for Tay-Sachs disease, a fatal disease of the brain and spinal cord. The Burgers were told he was not a carrier and therefore their unborn child could not be afflicted with the disease. It was later learned, after the Burger's child was born, that both parents were carriers. Both Mr. and Mrs. Burger testified that had they known they were Tay-Sachs carriers, they would have insisted on advanced testing of the fetus and would have aborted the child had the tests come back positive. The Burgers brought suit seeking damages for the treatment of their then deceased child and for their mental anguish and suffering. Dr. Naccash contended Virginia did not recognize a wrongful birth action and even if it did, recovery ran only to the child, not the parents

The Supreme Court reviewed case law from other jurisdictions and then quickly found, using traditional tort principles, that Dr. Naccash owed the Burgers a duty, that he breached that duty, and that a causal connection existed between the breach and the claimed injury. The court then found that "the erroneous Tay-Sachs report given Mrs. Burger deprived her and her husband of the opportunity to accept or reject the continuance of her pregnancy and the birth of her fatally defective child; this, in our opinion, was direct injury." *Id.* at 414, 290 S.E.2d at 830. This lost opportunity provided the "final link" essential to their cause of action — an actionable, direct injury. Since the Burgers possessed all the elements of a good cause of action, they were entitled to all damages, which were proximately caused by the breach, and reasonably foreseeable, including expenses incurred in the child's treatment but not her funeral expenses. *See id.* at 414-15, 290 S.E.2d at 830. This case

is cited by the plaintiff as a major extension of the law in Virginia concerning negligent infliction. This Court believes that a close reading of this decision does not go that far, and that *Burger v. Naccash,* is not precedent in this case to allow such a suit. It appears to this Court that both Mr. and Mrs. Burger were direct victims of the alleged acts of negligence by the defendant and neither would be considered bystanders.

## *Bulala v. Boyd*

Mr. and Mrs. Boyd brought a medical malpractice action against Dr. Bulala in federal district court after his negligence in the delivery and death of their child. Dr. Bulala, Mrs. Boyd's gynecologist and obstetrician, chose to remain at home while Mrs. Boyd was in labor and left her to be monitored by the nursing staff. Due to inadequate monitoring, an acute oxygen deficiency to the fetus went undetected for about an hour. After phoning Dr. Bulala, the nurses took Mrs. Boyd to the delivery room where she gave birth to a child suffering from severe birth defects due to asphyxiation. The mother's claim against Dr. Bulala was based on medical malpractice for alleged bodily injury and for mental anguish arising from the birth of her severely impaired child. The child also brought a personal injury medical malpractice claim. Each was awarded over $2.5 million. Mr. Boyd claimed damages arising from emotional distress and was awarded over $1 million by the jury. Dr. Bulala argued Mr. Boyd was not entitled to damages for emotional distress since no tortious conduct was directed toward him, only toward the mother and child. See *Boyd*, 647 F. Supp. at 791. The district court concluded it was "beyond question" that Mr. Boyd's distress was genuine and resulted directly from the tortious conduct of Dr. Bulala. Therefore, his distress was, under *Naccash,* actionable.

The Fourth Circuit Court of Appeals upheld the lower court, also finding that Mr. Boyd's emotional distress claim "fits well within the bounds of the *Naccash* exception. *Boyd v. Bulala,* 877 F.2d 1191, 1198 (4th Cir. 1989). The Fourth Circuit also certified six questions of Virginia law on issues the court felt there was no "definitive adjudication" from the Supreme Court of Virginia. *Id.* at 1194. The issue of the availability of emotional distress damages for Mr. Boyd was not one of the questions certified to the Supreme Court of Virginia. The Fourth Circuit felt the law on that issue was "settled and [it] was competent to apply it." *Id.*

The Supreme Court of Virginia, in its opinion ruling on the six certified questions, much like the original *Moore* case, hinted that the Fourth Circuit inappropriately applied *Naccash* to Mr. Boyd's claim. In reciting the history of the case, the Supreme Court noted the three issues the Fourth Circuit

decided on its own. After stating the holding of the Fourth Circuit allowing emotional distress damages for Mr. Boyd, the Virginia Supreme Court inserted a footnote:

> In *Myseros v. Sissler,* we reiterated the holding of *Hughes v. Moore* to the effect that damages are not recoverable for emotional distress in the absence of physical injury. In *Myseros,* we observed that *Naccash v. Burger* is "confined to its particular facts." *Myseros* was, however, decided subsequent to the decision of the United States Court of Appeals in the present case.

*Bulala, supra.* The Virginia Supreme Court is reiterating that *Naccash* is limited to its facts (namely the "wrongful birth" cause of action) and it indicated that the Fourth Circuit, not having the benefit of the *Myseros* opinion, may have decided Mr. Boyd's claim erroneously. These statements from the Supreme Court indicated that if Mr. Boyd's emotional distress claim had been before them, he would not have recovered. Mr. Boyd's case and *Naccash* are factually distinguishable. Dr. Naccash was negligent in Mr. Burger's care when he misdiagnosed him, resulting in an injury of the lost opportunity to abort their child. The Virginia Supreme Court, in commenting on Mr. Boyd's claim for emotional distress, made the following statement:

> Turning to the claim, if any, the father may have for emotional distress and the parents' joint claim for medical expenses, we conclude that both of those claims fall within the child's statutory cap, under the circumstances of this case.

The Court then referred to the case of *Speet v. Bacaj,* 237 Va. 290, and stated as follows:

> we said that a parent's claim for emotional distress as the result of injury to the child is "wholly derivative" of the child's claim. Here, the father, of course, was not the defendant's "patient," within the meaning of the Act. Nevertheless, the emotional distress claim is covered by the Act because it is wholly derivative of the child's claim. However, the total damages recoverable for injury to the child, including derivative claims, are limited to the statutory amount. That amount has been exhausted by the child's claim in this case, leaving nothing to allocate to the father's claim.

The Court believes that *Naccash* stands for the proposition that emotional distress damages are available to both parents to compensate the parents' injury for the wrongful birth of their child. See *Naccash*, 223 Va. at 414-17, 290 S.E.2d at 830-31. The *Boyd v. Bulala* case, at best, stands for the limited proposition that parents can be compensated for the negligent infliction of injury to the child during birth with the father's claim being derivative from the child even though the father was not a patient and in reality was a witness.

## Speet v. Bacaj

In *Speet, supra,* parents brought emotional distress claims for injuries negligently inflicted upon their child during his delivery. The trial court ruled that neither parent was entitled to damages for emotional distress solely resulting from Brian's injuries and only the parents' claims for medical expenses were submitted to the jury. The jury returned a verdict in favor of Dr. Bacaj on all claims. The Supreme Court found no error in any of the trial court's evidentiary and other rulings. Without deciding whether the trial court erred in not allowing their mental distress claim, the Supreme Court stated that since it had affirmed the trial court's judgment that "the evidence fails to show that Bacaj was guilty of primary negligence" and that the emotional distress claim was "wholly derivative" of the child's claim, it followed that the evidence was insufficient to prove the parents' claims as well. In *Speet*, the court did not decide the validity of the parents' emotional distress claims. The court avoided the questions presented by the Speets by deciding that on the facts, since the child had no claim, the parents certainly had no claim. Although the court does state emotional distress damages for parents are derivative of a child's claim, it is interesting that the court did not state that the trial court was in error in keeping the parents' claim from the jury.

## Conclusion

It is this Court's opinion that the Virginia Supreme Court has not embraced a plaintiff's action of emotional distress resulting from fright or shock due to negligent infliction of physical injury to a third person. The Court believes that the only exceptions allowed in Virginia are parents' malpractice claims for wrongful birth of a child or the birth of a severely injured child inflicted during the delivery. See *Naccash, supra,* and *Boyd, supra.* These claims would be based on the legal theory that the defendant owed a duty to both parents either by being patients of the defendant or direct victims of the defendant or a parent's derivative claim of a child injured during delivery.

For the above reasons, the Court sustains the defendants' demurrer.