Deborah Ellington

v.

Duncan C. MacIvor

April 8, 2002

Case No. LL-2045

BY JUDGE T. J. MARKOW

This case is before the court on Defendant's Demurrer and Motion to Dismiss Plaintiff's Motion for Judgment. Defendant moves to dismiss the Motion for Judgment on the grounds that Plaintiff's claims are barred by § 38.2-5002(b). The parties appeared and arguments were heard.

In her Motion for Judgment, Plaintiff alleged that her infant son sustained neurological injuries at birth. Defendant was Plaintiff's obstetrician and delivered the infant. The child's claim was referred to the Birth Related Neurological Injury Program and the infant son qualified for compensation under the Birth Related Neurological Injury Act, Virginia Code § 38.2-5000 et seq. Here, Plaintiff filed a three-count Motion for Judgment alleging, among other things, that she was injured as a result of Defendant's negligence in delivering her infant son. Defendant responded with a Demurrer and a Motion to Dismiss. Plaintiff subsequently moved to nonsuit Count II of her Motion for Judgment. The court sustained the motion.

At the December 18, 2001, hearing on the Demurrer and Motion to Dismiss, the court overruled the Demurrer and Motion to Dismiss as to Count III insofar as Plaintiff alleged negligence other than that resulting in the birth

related neurological injury to the Plaintiff's infant son. Plaintiff was ordered to file a Bill of Particulars to describe the separate negligence that she claims. Plaintiff filed a Bill of Particulars and a Supplemental Brief to which Defendant responded with the Demurrer and Motion to Dismiss. At issue is the Demurrer and Motion to Dismiss as to Count I.

Count I alleges that Plaintiff sustained serious emotional distress from witnessing severe and permanent injuries to her child at his birth that resulted from Defendant's negligence in delivering the infant. The Plaintiff argues in the alternative that, if her emotional distress claim is barred under the exclusive remedy provision of § 38.2-5002, the statute is unconstitutional and denies her equal protection of the laws in contravention of the 14th Amendment of the United States Constitution and Article I, § 11, of the Virginia Constitution. Plaintiff also argues that § 38.2-5002 violates Article IV, § 12, of the Virginia Constitution.

### Exclusive Remedy under § 38.2-5002(b)

Plaintiff alleges that the exclusive remedy provision of § 38.2-5002(b) does not apply to her claim of emotional distress. Plaintiff argues that her emotional distress, which she states arises directly from "witnessing the severe and permanent nature of her child's injuries at the time of his birth," is not related to the birth related neurological injury under the meaning of § 38.2-5002(b). Section 38.2-5002(b) reads as follows:

> Except as provided in subsection D, the rights and remedies herein granted to an infant on account of a birth related neurological injury shall exclude all other rights and remedies of such infant, his personal representative, parents, dependents or next of kin, at common law or otherwise arising out of or related to a medical malpractice claim with respect to such injury.

The plain language of § 38.2-5002(b) excludes recovery for any claims by the infant's parents arising from or related to the birth related neurological injury whether for the infants' injuries or for injuries directly to the parent. By Plaintiff's own admission, her emotional distress claim stems directly and only from witnessing the birth related neurological injury. Moreover, a "parent's claim for emotional distress as the result of injury to the child is §wholly derivative' of the child's claim." *Bulala v. Boyd*, 239 Va. 218 (1990) (citing *Speet v. Bacaj*, 237 Va. 290, 298, 377 S.E.2d 397, 401 (1989)). Therefore, the exclusive remedy available to the child and/or the parents,

irrespective of the injury suffered, is compensation under the Birth Related Neurological Injury Act.

*Constitutionality of § 38.2-5002(b)*

Plaintiff alleges that if her claim is precluded by § 38.2-5002(b), that section discriminates against her both as it is written and as it is applied. While Plaintiff challenges the constitutionality of § 38.2-5002(b), she concedes no fundamental right is at issue.

First, Plaintiff argues that application of the exclusive remedy provision of § 38.2-5002(b) to her claim of emotional distress is unlawful discrimination against a suspect class to which she belongs. Specifically, Plaintiff asserts that the court's application of § 38.2-5002(b) discriminates against women by preventing a civil remedy for her claim of emotional distress. Plaintiff explains that emotional distress as a result of a birth related neurological injury occurs only in women, as only women give birth. Therefore, § 38.2-5002(b) necessarily applies solely to women and results in discrimination that violates the 14th Amendment. Plaintiff concludes that because application of the statute results in gender based discrimination, the court should apply intermediate scrutiny.

Secondly, Plaintiff claims that § 38.2-5002(b) results in discrimination against mothers of infants who sustain birth related neurological injury as defined in § 38.2-5000 et seq. Mothers of infants who sustain other birth related injuries or who sustain birth related neurological injury without permanent developmental or cognitive damage are not covered under § 38.2-5000 et seq. and are thus not precluded from recovery for civil claims.

Application of § 38.2-5002 does not result in discrimination against women. Emotional distress is not a claim limited to women or mothers of infants with birth related neurological injury. In *Bulala*, a father was awarded damages for emotional distress that arose from injuries sustained by his infant at birth. *Bulala* at 230. Moreover, Plaintiff does not assert that her emotional distress stems from any physical aspect of the birthing process. Rather, Plaintiff claims that her emotional distress arises from witnessing the severe and permanent nature of her child's injuries at the time of his birth. A father is not precluded from witnessing such injuries at birth simply because he is not physically connected to the infant. As such, the limitation of recovery to the rights and remedies provided in § 38.2-5000 et seq. for an emotional distress claim arising directly from witnessing a birth related neurological injury is not applied solely to women. Therefore, Plaintiff fails to show that § 38.2-5002(b), as applied, discriminates against a suspect class.

"To withstand an equal protection challenge, a classification that neither infringes upon a fundamental right nor creates a suspect class must satisfy the rational basis test." *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 103-04, 376 S.E.2d 525 (1989); *Exxon Corp. v. Eagerton*, 462 U.S. 176, 195-96 (1983). The rational basis test is satisfied "if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Etheridge* at 104 (citing *Eagerton*, 462 U.S. at 196). Moreover, inequality alone does not violate the rational basis test.

> [T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. . . . State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

*McGowan v. Maryland*, 366 U.S. 420, 425-26 (1961).

As well, "all statutes enacted by the General Assembly are presumed to be constitutional. *King v. Neurological Injury Comp. Program*, 242 Va. 404, 408, 410 S.E.2d 656 (1991). Plaintiff has the "burden of proving that the Act is unconstitutional . . . and any reasonable doubt as to the statute's constitutionality must be resolved in favor of its validity." *Id.* (citing *Blue Cross v. Commonwealth*, 221 Va. 349, 358, 269 S.E.2d 827, 832 (1980)).

By enacting § 38.2-5002, the legislature intended to increase the availability of medical care by reducing the cost of medical malpractice insurance to physicians. As stated in *King*:

> It is reasonably conceivable that the General Assembly concluded that the removal of the claims of neurologically injured infants from the tort system would decrease the cost of medical malpractice insurance premiums for all physicians and, thus, make medical malpractice insurance available to all physicians practicing in Virginia. . . .

*King* at 410. Accordingly, limiting remedies to those provided in § 38.2-5000 et seq. is reasonably related to the reduction of the cost of medical malpractice insurance and increasing the availability of medical care. Thus, even though the statute differentiates between infants with birth related neurological injuries and infants with other injuries, the statute survives constitutional review as it is reasonably calculated to accomplish a legitimate government objective.

Finally, Plaintiff alleges that § 38.2-5002 violates Article IV, § 12, of the Virginia Constitution. Section 12 requires that "no law shall embrace more than one object, which shall be expressed in its title." Va. Const., Art. 4, § 12 (1971). Plaintiff suggests that § 38.2-5002(b) is unconstitutional because the title listed in the published version of the Code of Virginia, "Birth Related Neurological Injury Compensation Program; exclusive remedy; exception," does not mention claims for emotional distress of the mother.

The title of a law, as intended in Article IV, § 12, of the Virginia Constitution, is the title affixed to legislation by the General Assembly. See *Irvine v. Commonwealth*, 124 Va. 817 (1919); *Wooding v. Leigh*, 163 Va. 785, 802, 177 S.E. 310 (1934). The "Birth Related Neurological Injury Compensation Program; exclusive remedy; exception" is the title of § 38.2-5002 given by the publishers of the Code of Virginia and is not the title intended in Article IV, § 12. Plaintiff makes no argument that the title of the relevant act given by the General Assembly is misleading and unconstitutional. As such, the court does not discuss the constitutionality of the title assigned to the act by the General Assembly.

It is therefore ordered that Defendant's Demurrer and Motion to Dismiss is sustained as to Count I.

Pursuant to the Court's ruling at the hearing on December 18, 2001, Defendant's Demurrer and Motion to Dismiss as to Count III is overruled to the extent that it alleges negligence other than the negligence that resulted in neurological injury to Plaintiff's infant son.