## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Quewann Bennett, etc.

v.

Riverside Regional Medical Center et al.

March 17, 1997

Case No. (Law) 23629-RF

BY JUDGE ROBERT P. FRANK

This case is before the court on defendant's motion to reduce plaintiff's *ad dammum* clause from $6,000,000.00 to $1,000,000.00. Defendant argues the statutory limitation on recovery articulated in the Virginia Code mandates that the plaintiff seek only that amount in his motion for judgment. *See* Va. Code Ann. § 8.01-581.15 (Michie 1992). Code § 8.01-581.15 states in pertinent part: "In any verdict returned against a health care provider in an action for malpractice where the act or acts of malpractice occurred on or after October 1, 1983 ... the total amount recoverable for any injury to, or death of, a patient shall not exceed one million dollars." The court has considered counsels' oral argument and briefs and, for the reasons outlined below, denies defendant's motion.

The jury's function in a civil case is to resolve disputed facts, and this function extends to the assessment of damages. *Stanardsville Vol. Fire Co. v. Berry*, 229 Va. 578, 583 (1985). The jury's function in a medical malpractice case is "the same as in any other tort action: to decide the issues of negligence, proximate cause, and damages." *Blondel v. Hays*, 241 Va. 467, 474 (1991) (commenting that the standard for a motion to strike should not also serve to guide a jury and reiterating the role of the jury in a medical malpractice case); *See also Raines v. Lutz*, 231 Va. 110, 115 (1986) (holding the "medical malpractice statutes do not supersede the jury system. The determination of negligence, proximate cause, and damages remains within the jury's province.").

14

The Court in *Etheridge v. Medical Center Hospitals* discussed the role of the jury vis-a-vis the limitation on recovery in medical malpractice actions. In discussing the constitutionality of Va. Code § 8.01-581.15, the court first commented, "the resolution of disputed facts continues to be a jury's sole function." *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 96 (1989). Then focusing on the medical malpractice cap, the court found: "The limitation on medical malpractice recoveries ... does nothing more than establish the outer limits of a remedy provided by the General Assembly [citations omitted]. A remedy is a matter of law, not a matter of fact [citations omitted]. A trial court applies the remedy's limitation only *after* the jury has fulfilled its fact-finding function." *Id.* While the gravamen of the plaintiff's claim in *Etheridge* was that the medical malpractice cap is unconstitutional, and the above language is *dicta*, this court finds the decision persuasive as to the jury's role in the determination of damages.

Defendant argues the jury is more likely to return a verdict above the statutory limit if the plaintiff's *ad damnum* is not reduced. The defendant argues a verdict above the statutory limit would be outside the defendant's insurance coverage and may force the defendant to consider hiring independent counsel. Def. Mem. at 2. The court, however, has no discretion to award damages above the statutory limit. *Etheridge*, 237 Va. at 101 (holding "were the court to ignore the legislatively-determined remedy and enter an award in excess of the permitted amount, the court would invade the province of the legislature."). Defendant's argument on this point is not persuasive given the court's obligation to reduce any verdict above the statutory cap.

For the reasons stated above, the court denies defendant's motion.