## Richmond

TRAVELERS INSURANCE COMPANY, IN ITS OWN BEHALF AND ON BEHALF OF ALFRED W. SHELTON v. TIMOTHY J. LOBELLO AND GEORGE REGINALD COX.

GEORGE REGINALD COX v. TIMOTHY J. LOBELLO, ALFRED W. SHELTON AND TRAVELERS INSURANCE COMPANY.

January 17, 1972.

Record Nos. 7643 and 7644.

Present, All the Justices.

*Virgil S. Gore, Jr. (Seawell, McCoy, Winston & Dalton*, on brief), for plaintiff in error in Record No. 7643.

*Robert S. Cohen (Goldblatt, Lipkin, Cohen, Anderson & Levy*, on brief), for defendants in error in Record No. 7643.

*James N. Garrett, Jr.*, for plaintiff in error in Record No. 7644.

*Robert S. Cohen; Virgil S. Gore, Jr. (Goldblatt, Lipkin, Cohen, Anderson & Levy; Seawell, McCoy, Winston & Dalton*, on brief), for defendants in error in Record No. 7644.

Per Curiam.

Timothy J. Lobello was injured when the automobile he was operating was involved in a collision. He brought an action for damages against Alfred W. Shelton, George Reginald Cox, and Peter Cobb, Jr., the drivers of three other cars, claiming they had negligently caused his injuries. The jury returned a $15,000 verdict in favor of Lobello against Shelton and Cox, and judgment was entered thereon.

Shelton was an uninsured motorist. Lobello, therefore, served a copy of the motion for judgment on Travelers Insurance Company, his uninsured motorist carrier. Code § 38.1-381(e)(1). Travelers filed grounds of defense in its own name and participated in trial of the case.

In the writ of error granted Travelers (Record No. 7643), we are asked to reverse the judgment against Shelton because of a statement made by Lobello in a discovery deposition which, Travelers says, bars Lobello's recovery under the rule of *Massie* v. *Firmstone*, 134 Va. 450, 114 S.E. 652 (1922). However, Lobello's statement was not of the nature required to invoke *Massie* v. *Firmstone*, and so we reject Travelers' contention.

In the writ of error granted Cox (Record No. 7644), a more serious question is presented. Travelers, as previously noted, appeared in its own name. However, Shelton, the uninsured motorist, filed his own grounds of defense and represented himself at trial, as he is permitted to do under Code § 38.1-381(e)(1).

At the beginning of the trial, counsel for Travelers sought and, over the objections of Lobello and Cox, obtained the permission of the trial court to tell the jury that he represented Lobello's uninsured motorist carrier. Then, counsel for Lobello, without waiving his objection, asked and was allowed further to explain to the jury the status of Travelers' counsel in the case.

The jury was then told by counsel for Lobello and Travelers that Shelton was an uninsured motorist and that Travelers' attorney was assisting him in his defense. The jury was also informed that Travelers was providing "the insurance backing . . . payment for the recovery of any verdict that is had against Mr. Shelton."

We think it was error, prejudicial to Cox, to permit the injection of insurance into the case. To tell the jury that Shelton was uninsured was to permit it to infer that Cox was insured. And where two

or more defendants may be jointly and severally liable, to say that one defendant has "insurance backing" is to create a situation permitting the return of a possibly inflated verdict binding upon all defendants so liable.

The attorney for Travelers should have been allowed to tell the jury, without identifying himself as insurance counsel, only that he was present in court to assist Shelton in his defense. This would have sufficiently explained the attorney's presence and would have prejudiced neither Cox nor any of the other litigants.

We conclude, therefore, that it was error, requiring reversal of the judgment against Cox, to permit injection of insurance into the case.

■ This brings us to a request by Travelers that if we reverse as to Cox for the error relating to insurance, we also reverse the judgment against Shelton for the same error. But it was at the insistence of Travelers that the error arose in the first instance. So we decline Travelers' request, for to do otherwise would permit it to benefit from an error it invited.

The judgment against Shelton will be affirmed. The judgment against Cox will be reversed, and his case will be remanded for a new trial.

*Affirmed in part, reversed in part, and remanded.*