## Richmond

RAY EDISON DAVIS V. JOYCE ANNETTE MAYNARD.

January 20, 1975.

Record No. 740053.

Present, All the Justices.

*Robert T. Winston,* for plaintiff in error.

*Edwin C. Gillenwater (Carl E. McAfee; Cline, McAfee, Adkins & Gillenwater,* on brief), for defendant in error.

Per Curiam.

The question presented on this appeal is whether the trial court erred in not declaring a mistrial in an action for personal injuries when plaintiff's counsel, during his voir dire examination of a juror, indicated to the jury that the defendant had insurance coverage.

The record shows that counsel for Joyce Annette Maynard, plaintiff, in examining the jury on their voir dire asked if any of them knew defendant's counsel. He then singled out juror Gomer Evans, who was well known to him, and asked the extent of his acquaintance with defendant's counsel. Evans stated that he knew defendant's counsel because he was associated with the law firm that represented the compensation company for whom Evans used to work. Plaintiff's counsel pursued the matter and established that Evans had worked in the compensation department of an underwriting company eight years earlier and that defendant's counsel was associated with a law firm which represented insurance carriers.

Evans was asked if his "employment with that company of underwriters" would affect his partiality in the case, to which he responded that it would not. Finally, under continuous questioning by plaintiff's counsel, Evans stated that a member of plaintiff's counsel's law firm had represented him on a personal matter, and plaintiff's counsel remarked, "I am sure we never did represent [insurance] underwriters."

In actions to recover damages for personal injuries we have held that an inadvertent reference to insurance coverage is harmless error if it appears that the parties have had a fair trial on the merits and substantial justice has been done. *Simmons* v. *Boyd,* 199 Va. 806, 812-13, 102 S.E.2d 292, 296-97 (1958); *Irvine* v. *Carr,* 163 Va. 662, 667, 177 S.E. 208, 211 (1934). In contrast, we have held that it is reversible error not to grant a mistrial where the reference to insurance is deliberate and for improper purposes. *Travelers* v. *Lobello,* 212 Va. 534, 535, 186 S.E.2d 80, 82 (1972); *Hope Windows* v. *Snyder,* 208 Va. 489, 493, 158 S.E.2d 722, 725 (1968).

The obvious purpose and effect of the detailed examination of Evans by plaintiff's counsel were to inform the members of the jury panel that the defendant had insurance coverage. Since this action was deliberate, the motion for a mistrial should have been granted.

The judgment entered for the plaintiff is reversed, the jury's verdict is set aside, and the case is remanded for a new trial.

*Reversed and remanded.*