FREDRICK H. FORSBERG

V.

MARK R. HARRIS

Record No. 881133

September 22, 1989

Present: All the Justices

James P. St.Clair (John S. Norris, Jr.; Anderson, Lee & Norris, P.C., on brief), for appellant.

George H. Gray (Outland, Gray, O'Keefe and Hubbard, on brief), for appellee.

Justice Whiting delivered the opinion of the Court.

In this personal injury case, we decide: (1) whether the trial court erroneously permitted plaintiff's counsel to refer to the defendant's employment "in the insurance business" in his opening statement to the jury; and (2) if so, whether such a reference requires reversal of the judgment entered on the plaintiff's verdict.

On December 17, 1986, Mark R. Harris was injured on a Norfolk residential street when the motorcycle he was riding collided with a car driven by the defendant, Fredrick H. Forsberg. In the trial of Harris's action against Forsberg, the circuit court denied Forsberg's motion *in limine* to forbid Harris from mentioning in his opening statement that Forsberg was employed by an insurance company. Accordingly, in his opening statement, after advising the jury of Forsberg's age and address, Harris's counsel said, "I believe he's also in the insurance business."

Issues of negligence, contributory negligence, and the extent of Harris's injuries and disabilities were submitted to the jury. The jury returned a verdict for Harris in the sum of $20,000. Overruling Forsberg's motion to set aside the verdict on a number of grounds, including the one in issue here, the trial court entered judgment on the verdict. We granted Forsberg an appeal.

In a medical malpractice case, decided after this case was tried, the plaintiff was denied the right to ask prospective jurors about their knowledge of the "medical malpractice crisis" and whether it would affect their decision. Citing a number of earlier Virginia decisions in support, we said, "[i]t has been a long-standing rule in Virginia that, in a personal injury action, any comment deliberately made to inform the jury that a defendant is insured against the accident constitutes reversible error." *Speet* v. *Bacaj*, 237 Va. 290, 293, 377 S.E.2d 397, 399 (1989).

In *Davis* v. *Maynard*, 215 Va. 407, 408, 211 S.E.2d 32, 32-33 (1975), we held that it was error not to grant a mistrial when plaintiff's counsel asked a prospective juror on *voir dire* whether his employment by the compensation department of an insurance company would affect his impartiality. We held that: (1) the pur-

pose and effect of this *voir dire* was to inform the jury that the defendant was insured; (2) the reference was deliberate and for an improper purpose; and (3) a mistrial should have been granted. In support, we cited *Travelers* v. *Lobello*, 212 Va. 534, 535-36, 186 S.E.2d 80, 82 (1972) (error prejudicial to one defendant to tell jury that plaintiff's insurance company was defending another defendant under plaintiff's uninsured motorist endorsement), and *Hope Windows* v. *Snyder*, 208 Va. 489, 493, 158 S.E.2d 722, 725 (1968) (error to deny mistrial when plaintiff asked jury panel on *voir dire* whether any of them worked for insurance company when effect was to suggest that defendants were insured).

Nonetheless, Harris argues that we should affirm this case. We find no merit in any of his reasons.

First, Harris maintains that juries should know a witness's occupation to assess his credibility. But he did not prove Forsberg's occupation, and the jury could not consider that information from Harris's opening statement because it was not a part of the evidence.

■ Second, Harris contends that it is no more prejudicial to mention a litigant's employment by an insurance company than to prove the litigant is a used car dealer, many of whom are believed by some not to be credible, or a president of a large corporation, who, a jury might infer, is wealthy, and thus able to pay a large verdict. Assuming, but not deciding, that such questions might be proper, Harris misses the point. Upon mention of Forsberg's employment by an insurance company, even though the company may sell liability, life, health, fire, marine, or other insurance, the obvious inference was that Forsberg was insured, and that his insurance carrier would pay any judgment against him. Thus, Harris injected a collateral consideration having nothing to do with Forsberg's possible liability to Harris. We conclude that in a case like this one, where a jury is told that the defendant is employed by an insurance company, the risk of prejudice to the defendant far outweighs the slight relevance of the defendant's occupation.

■ Finally, relying upon the case of *Simmons* v. *Boyd*, 199 Va. 806, 102 S.E.2d 292 (1958), Harris argues that no prejudice has been shown, and that Forsberg has had a fair trial on the merits. *Simmons* involved an *inadvertent* reference to insurance by a medical witness. Following our earlier cases on similar inadvertent references, we said that "such error is harmless if the statement is unintentionally made and . . . substantial justice has been done

. . . ." *Id.* at 813, 102 S.E.2d at 297. In *Davis*, we settled the issue of whether prejudice to the defendant must appear before requiring another trial after *intentional* reference to the defendant's possible insurance coverage. We said:

> In actions to recover damages for personal injuries we have held that an inadvertent reference to insurance coverage is harmless error if it appears that the parties have had a fair trial on the merits and substantial justice has been done. In contrast, we have held that it is reversible error not to grant a mistrial where the reference to insurance is deliberate and for improper purposes.

215 Va. at 408, 211 S.E.2d at 32-33 (citations omitted).

We conclude that the trial court should have sustained Forsberg's motion to set aside the verdict because of its error in permitting Harris to mention Forsberg's employment in the insurance business. Accordingly, the judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*