PATRICIA WOODBURY

V.

C.B. COURTNEY, JR., M.D.

Record No. 890994

April 20, 1990

Present: All the Justices

*William D. Breit (Breit, Drescher & Breit*, on brief), for appellant.

*H. H. Hunter Clarke (Fay F. Spence; Knight, Dudley, Dezern & Clarke*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

Patricia Woodbury, appellant, filed this action against Dr. C. B. Courtney, Jr., alleging that he breached the standard of care and committed a battery upon her during a surgical procedure which he performed on July 23, 1984.

Woodbury's primary physician, John Q. Hatten, referred her to the Breast Diagnostic Center in Newport News for mammography studies. A physician at the Center determined that Woodbury had a suspicious mass deep against the chest wall of her left breast which indicated fibrocystic change. Dr. Hatten then referred Woodbury to Dr. Courtney, a general surgeon. Dr. Courtney examined Woodbury on July 18, 1984. Woodbury claims that she discussed the suspicious mass with Dr. Courtney and gave him permission to perform a "biopsy only" to determine

whether the mass was malignant. Woodbury signed a consent form which stated: "I hereby give my consent and authorize Dr. Courtney to perform the following medical or surgical procedure(s): left breast biopsy-biopsy only."

On July 23, 1984, Dr. Courtney performed a partial mastectomy on Woodbury. He removed a quarter of her left breast. Woodbury contends that the procedure was performed without her permission and that she gave him permission to remove only approximately one centimeter of tissue from her breast for the biopsy.

Woodbury filed a notice of claim against Dr. Courtney as required by Code § 8.01-581.2 and later filed a motion for judgment. Woodbury took a voluntary nonsuit of that action as permitted by Code § 8.01-380. Woodbury filed another motion for judgment. She alleged, in her second motion, that Dr. Courtney negligently performed the July 23, 1984 procedure and that she did not consent to that procedure.

Dr. Courtney filed grounds of defense and interrogatories requesting the identity of Woodbury's expert witnesses. Dr. Courtney also filed a motion to establish cut off dates for the identification of expert witnesses. Approximately five months later, the trial court ordered Woodbury to identify, on or before September 8, 1988, all expert witnesses who would testify at trial on her behalf. The order prohibited Woodbury from using any expert witnesses at trial who had not been identified by the cut off date. Woodbury filed answers to interrogatories on September 2, 1988, which identified two physicians "who might testify" about the applicable standards of care and Dr. Courtney's alleged deviations from those standards. During an evidentiary hearing, the trial court concluded that neither of the medical experts identified by Woodbury had agreed to or intended to testify at trial.

Dr. Courtney filed a motion for partial summary judgment requesting that the trial court dismiss the negligence claims against him because Woodbury did not have any expert witnesses who would testify at trial and, accordingly, could establish neither the applicable standards of care nor any deviations from those standards. The trial court granted the motion for partial summary judgment. The lawsuit was allowed to proceed solely on the battery claim.

On the morning of the trial, before presentation of any evidence

to the jury, the trial court granted summary judgment for Dr. Courtney after it considered proffered evidence, argument of counsel, and pre-trial motions. The proffered evidence indicates that Dr. Courtney would have presented medical testimony that "biopsy" and "partial mastectomy" are synonymous terms for the same procedure. Woodbury proffered evidence that she only gave Dr. Courtney permission to remove one centimeter of tissue from her breast, but she had no medical witnesses to contradict Dr. Courtney's testimony that partial mastectomy and biopsy are synonymous terms for the same procedure. Dr. Courtney argued that the only reasonable conclusion which could be inferred from this testimony is that a partial mastectomy is the same procedure as a biopsy and, therefore, Woodbury consented to the partial mastectomy. The trial court ruled that Woodbury was required to establish her cause of action of battery by eliciting expert testimony to dispute Dr. Courtney's contention that a biopsy and partial mastectomy are identical procedures.

█ We disagree. Woodbury is not required to prove her allegations of battery with expert medical testimony simply because Dr. Courtney intends to use expert medical testimony in his defense. A factual issue was created and the jury should have been allowed to determine the extent of the permission Woodbury granted to Dr. Courtney and whether he exceeded the scope of that permission. If Dr. Courtney exceeded the scope of that permission, then he committed a battery. *See Pugsley* v. *Privette*, 220 Va. 892, 899, 263 S.E.2d 69, 74 (1980). Therefore, we hold that the trial court erred when it granted judgment for Dr. Courtney on the battery claim.

█ Woodbury next contends that the trial court erred when it granted summary judgment in favor of Dr. Courtney on her negligence claims because she failed to identify expert witnesses as required by the pre-trial order. The purpose of the order was to allow the litigants to discover the expert witnesses' opinions in preparation for trial. Rule 4:12 gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery. Five months is more than sufficient time for a litigant to identify expert witnesses. The record does not indicate that the trial court abused its discretion in granting the motion for partial summary judgment.

Because this action will be remanded for trial on the battery

claim, we will resolve two evidentiary issues which may be raised again. Woodbury intended to introduce evidence at trial that her health insurance company considered a partial mastectomy and an excisional biopsy as two different procedures. An employee of her insurance company would have testified that the company reimburses surgeons, such as Dr. Courtney, $650.00 for a partial mastectomy, $370.00 for an excisional biopsy, and $450.00 for an incisional biopsy. Dr. Courtney objected to the admission of this testimony as highly prejudicial in that it would inject the issue of "insurance" in the trial. The trial court precluded the admission of this testimony because it would have been prejudicial.

■ We agree with the trial court. The risk of prejudice raised by the mention of insurance outweighed any probative value that the testimony may have had. Such testimony would have injected the subject of insurance in the trial and risked impairing the jury's impartiality. *See Forsberg* v. *Harris*, 238 Va. 442, 444, 384 S.E.2d 90, 91 (1989) (risk of prejudice to defendant outweighed slight relevance of defendant's occupation as employee of an insurance company).

Finally, Woodbury argues that the trial court erred because she was prohibited from examining Dr. Courtney about certain aspects of the July 23 surgical procedure. Specifically, Woodbury intended to elicit testimony from Dr. Courtney that he removed an excessive amount of tissue from her breast because he failed to: palpate the mass, determine the location and size of the mass, and review x-rays of the mass before the procedure. The trial court refused to allow Woodbury to present this testimony because the negligence claim had been dismissed and evidence of negligence would have confused the jury. Woodbury contends that this testimony was proper to explain to the jury why excessive tissue was removed.

■ We agree with the trial court that Woodbury was not entitled to inject issues of negligence in this litigation because those issues were not relevant to her battery claim. Woodbury is, however, entitled to ask Dr. Courtney what surgical procedure he actually performed, how he performed that procedure, and how that procedure differed, if at all, from the procedure which she gave him permission to perform.

For the error in granting judgment in favor of Dr. Courtney on the battery claim, the judgment of the trial court will be reversed, and the case will be remanded for further proceedings consistent with the views expressed in this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*