## CIRCUIT COURT OF WARREN COUNTY

Marjorie E. Glier

v.

James E. Favereau

April 29, 1994

Case No. (Law) 93–23

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on April 28, 1994, for hearing on motions filed by the parties. Thomas A. Schultz, Jr., Esq., appeared for the Plaintiff, and Charles F. Hilton, Esq., appeared for the Defendant. Upon consideration of the argument of counsel, it is adjudged and ordered as follows.

1. *Defendant's and Insurance Reciprocal's Motion for a Protective Order*

This case came before the Court on the motion of the Defendant and the Defendant's insurer, the Doctors' Insurance Reciprocal, Risk Retention Group, an association which insures both the Defendant and one of the Defendant's expert witnesses in this case. Upon consideration of the argument of counsel orally and in their Memoranda of Authorities, the Defendant's Motion for a Protective Order is granted, and Plaintiff shall not be allowed to introduce evidence that an expert witness called by the Defendant is insured by the same insurance company or organization which insures the Defendant, and there shall be no further discovery on this subject.

It is well settled as a matter of public policy in Virginia that the mention of insurance coverage in liability cases should be avoided in order to prevent bias or prejudice on the part of the jury. *See Traveler's*

*Ins. Co. v. Lobello*, 212 Va. 534, 535, 186 S.E.2d 80 (1992). The proposed expert which the Defendant plans to use, Dr. Hanff, is not an employee of the Defendant's insurance carrier, but rather he and the Defendant are both insured by the same professional liability carrier. Dr. Hanff's financial interest in the Reciprocal is only that of an insured, perhaps that of an owner, if the members own a mutual reciprocal insurance company, both of which are very attenuated financial interests, and any probative value to be adduced from the introduction of such evidence is far outweighed by the prejudice that it would work against the Defendant by introducing the subject of insurance into a medical malpractice action. *See generally* C. Friend, *The Law of Evidence in Virginia*, § 11–3 (4th ed. 1993); *Padillo v. Sanchez*, 614 So.2d 443 (Ala. 1993); and *Mendoza v. Varon*, 563 S.W.2d 646 (Tex. Civ. App. 1978).

2.   *Defendant's Motion to Quash the Deposition of William Logan*

William H. Logan is one of the medical malpractice panel members, and he may be called to testify as a witness. Virginia Code § 8.01–581.8. Therefore, Defendant's Motion to Quash his deposition is denied.

3.   *Defendant's Motion to Exclude the Testimony of Dr. Malka*

Dr. Malka was one of the Plaintiff's expert witnesses, and the Plaintiff stated that he would be called as a witness, so the Defendant withdrew this motion.

4.   *Defendant's Motion to Quash the Subpoena Duces Tecum Issued to Dr. Van Herpe*

The Plaintiff withdrew the Subpoena Duces Tecum, so the Defendant withdrew his motion.

5.   *Defendant's Motion to Quash the De Bene Esse Deposition of Dr. Rezba*

This motion is denied.

6.   *Plaintiff's Motion to File Additional Exhibits*

The additional exhibits are routine business records of the Plaintiff's employer. This motion is granted.

7.   *Plaintiff's Motion to Allow Video Deposition of Dr. Rezba*

This motion is granted.

**8.** *Plaintiff's Motion to Exclude Testimony of Dr. Hanff*

Plaintiff withdrew this motion.

**9.** *Plaintiff's Motion to Exclude Testimony of Dr. Van Herpe*

Plaintiff withdrew this motion.

**10.** *Plaintiff's Motion for Leave to Supplement Testimony of Drs. Laskin and Rezba*

This was actually a supplementary identification of additional grounds for the expert's opinion, so it was not necessary to rule on this as a motion.

**11.** *Plaintiff's Motion to Allow Plaintiff's Counsel to Retain X-Rays to be Introduced into Evidence*

There have been substantial problems with the x-rays in this case. By May 13, 1994, the parties shall file all x-rays which they intend to introduce into evidence with the Clerk of this Court. Thereafter, until May 18, 1994, any party may check them out from the Clerk's office for a period of time not exceeding 72 hours. Beginning May 19, 1994, the checkout time is reduced to 24 hours.

**12.** *Plaintiff's Motion for Sanctions*

The Defendant's Answer to the interrogatory about what he learned in medical school is sufficient. This motion is denied.

**13.** *Plaintiff's Motion to Allow Depositions of Scott, Dandridge, and Plourde*

This motion is granted. The use of medical records under the shop-book rule does not extend to opinions or conclusions. *See Neely v. Johnson*, 215 Va. 565 (1975). Considering the limited use of the medical records and the projected length of this trial, the parties are urged to consider a stipulation with respect to the testimony of these witnesses, who were represented to be custodians of records.

**14.** *Plaintiff's Motion to Read the Deposition of Dr. Cardea and Dr. McLaughlin into Evidence*

Dr. Cardea and Dr. McLaughlin are expert witnesses of the defendant, whom the Plaintiff deposed and whom the Defendant may not call to testify at trial, in which case, the Plaintiff wants to read into evidence portions of their depositions, pursuant to Supreme Court Rule 4:7(a)(4). *See generally* 4A Moore's Federal Practice § 32.05. The

parties shall submit additional authorities on this point to the Court on or before May 10, 1994, and the Court deferred ruling on this motion.

15. *Plaintiff's Motion to Determine the Sufficiency of the Defendant's Response to the Plaintiff's Third Request for Admissions*

This was resolved by agreement of the parties.

16. *Plaintiff's Motion to Compel Defendant to Answer the Plaintiff's Third Set of Interrogatories*

The Motion is denied with respect to Interrogatory Number 1. In response to Interrogatories Numbers 2 and 3, the Defendant stated that the Defendant was not claiming in this litigation that either Dr. Rezba or Dr. Wiedower breached the standard of care but may claim that their actions either caused or materially aggravated the Plaintiff's injuries, so it was not necessary for the Court to rule on the Motion with respect to Interrogatories Numbers 2 and 3.