COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


ELAINE ASANAKIS

v.   Record No. 2337-97-4

ICE FOLLIES & HOLIDAY ON ICE, INC.
 AND INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 10, 1998

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Craig A. Brown; Ashcraft & Gerel, on brief),
> for appellant.

> (Matthew W. Broughton; Monica L. Taylor;
> Gentry, Locke, Rakes & Moore, on brief), for
> appellees.


Elaine Asanakis (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that (1)

absent a request for review, the deputy commissioner did not have

jurisdiction to vacate her June 24, 1997 order dismissing

claimant's claim for benefits after the twenty-day period for

requesting review had expired; and (2) the sanction of dismissal

without prejudice was proper.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

--------------------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence showed that claimant filed her claim on February 13, 1997. On March 25, 1997, employer forwarded interrogatories to claimant, along with a medical release authorization for claimant to sign to enable employer to obtain claimant's foreign medical records. As of April 23, 1997, claimant had not agreed to sign the medical release authorization form nor had she filed answers to employer's interrogatories. As a result, the deputy commissioner continued the hearing scheduled for May 23, 1997, rescheduling it for July 3, 1997.

On June 2, 1997, employer notified the deputy commissioner that claimant had still not provided a signed medical release authorization nor had she responded to employer's interrogatories. Employer also advised the commission that it had scheduled claimant's deposition for June 23, 1997. In a June 6, 1997 letter, the deputy commissioner continued the hearing again "[d]ue to the claimant's failure to provide Answers to Interrogatories in a timely manner . . . ." The deputy commissioner ordered claimant to provide those answers and a medical release authorization by June 20, 1997, stating that "[f]ailure to do so will result in dismissal of the claim." The hearing was rescheduled for August 12, 1997.

Claimant did not comply with the June 6, 1997 order nor did she respond to the commission in any manner explaining her omissions. In a letter dated June 23, 1997, employer asked the

2

commission to dismiss the claim. On June 24, 1997, the deputy commissioner entered an order dismissing the claim for benefits "without prejudice" due to "claimant's failure to file Answers to Interrogatories and Medical Release Authorization in a timely manner . . . ."

On July 1, 1997, claimant's counsel asked the deputy commissioner to vacate her June 24, 1997 order. Claimant's counsel did not dispute the conclusions that claimant had failed to respond to discovery and had failed to appear for her deposition. Claimant did not request review of the deputy commissioner's June 24, 1997 order within twenty days of its entry. On July 21, 1997, the deputy commissioner vacated her June 24, 1997 order. Employer moved that the deputy commissioner reconsider her decision and simultaneously filed a request for review before the full commission.

## I.

In holding that the deputy commissioner was without jurisdiction to reconsider, amend, or vacate her June 24, 1997 dismissal order, the commission found as follows:

> [C]laimant filed her Claim for Benefits just two days short of two years subsequent to her accident. From that time forward, she was represented by counsel. Although her counsel has advised the Commission that she is sincere about her claim, nevertheless she failed to respond to an order of the Commission to answer interrogatories, to execute a medical release authorization, and to appear at a deposition. While we recognize that the nature of her work may cause the claimant to travel extensively, she cannot at the same time show complete

3

> disregard for the orders of the Commission
> and simultaneously expect relief from its
> procedural rules.  We find, therefore,
> that . . . [the June 24, 1997 dismissal]
> order is still valid.  The claimant's Claim
> for Benefits is, therefore, DISMISSED without
> prejudice pursuant to the June 24, 1997,
> order.

Code § 65.2-705(A) requires that an application for review of a deputy commissioner's decision be filed with the commission within twenty days from the date of entry of the award.  "'Absent . . . fraud or mistake . . . , the decisions of the commission or its deputy commissioners from which no party seeks timely review are binding upon the commission.'"  Sovran Fin. Corp. v. Nanney, 12 Va. App. 1156, 1160, 408 S.E.2d 266, 269 (1991) (quoting K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)).  Thus, absent a timely review request or an allegation of fraud or mistake in the procurement of an award, the commission loses jurisdiction over an award after twenty days from the date of that award.  See McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993).

In this case, the undisputed evidence showed that claimant did not request review of the deputy commissioner's June 24, 1997 order before the twenty-day period expired.  In addition, claimant did not allege fraud or mistake in the procurement of the June 24, 1997 order.  Accordingly, credible evidence supports the commission's finding that the deputy commissioner did not have jurisdiction to vacate her June 24, 1997 dismissal order on July 21, 1997, more than twenty days after entry of that order.

4

II.

The Rules of the Virginia Supreme Court allow trial courts "'broad discretion in determining what sanction, if any, will be imposed upon a litigant who fails to timely respond to discovery.'" Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993) (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)). These Rules specifically allow a trial court to strike a party's claims or defenses for failure to comply with a discovery order. See id. Moreover, "the commission has the same authority as a court to punish for noncompliance with its discovery orders." Id.

Here, credible evidence proved that employer diligently pursued discovery for months, to which claimant made no response. In addition, claimant indisputably violated the commission's June 6, 1997 order without any explanation. Based upon this record, we cannot say that the commission abused its discretion in exercising its power to punish claimant for violating its discovery order by dismissing her claim for benefits without prejudice.

For these reasons, we affirm the commission's decision.

Affirmed.

5