## CIRCUIT COURT OF FAUQUIER COUNTY

Aylor

v.

Glover

December 10, 1998

Case No. (Law) 95-L-210

BY JUDGE THOMAS D. HORNE

This case came before the Court on the plaintiff's renewed motion for a mistrial and to set aside the jury verdict and grant him a new trial. Plaintiff contends that the Court failed to properly instruct the jury at the close of the evidence and that defense counsel improperly interjected into her closing argument a reference to plaintiff's purported history of alcoholism. As was noted earlier from the bench, the Court finds that the jury was properly instructed upon the issues raised by the evidence and that the two instructions posited by plaintiff, which are the subject to the instant motion for a new trial, were properly refused by the court. Defense counsel's closing argument raises a difficult issue for the Court.

In this personal injury case involving a rear end collision, plaintiff contends that as a result of the accident involving the defendant, he has suffered damages. The injuries which he asserts he sustained as a result of the accident involve a somatoform pain disorder. Much of the testimony elicited by the parties related to the nature and extent of this disability. Extremely painful to the patient, this malady has no physical manifestations such as might be determined by x-ray. A number of factors need be present in order for the disorder to occur. Based upon the evidence before it, the jury might conclude such condition to have been caused or aggravated by the accident.

Both counsel were vigorous advocates for their clients. Issues of both liability and damages were hotly controverted. At the conclusion of the evidence, counsel for the defendant made the following comments in closing argument.

[w]ell, ladies and gentlemen of the jury, with regard to this aspect of his suffering, with regard to this aspect of his pain, consider two things. Number one, he wasn't in good physical health. He wasn't in good health. The rheumatic fever, the hypertension, the sexual dysfunction, the closed head injury, the alcoholism that he suffered in the past … .

Counsel for the plaintiff promptly objected to the comment by counsel concerning plaintiff's history of alcoholism. The objection was sustained and a limiting instruction given. A motion for a mistrial was made by plaintiff and denied by the Court. A cautionary instruction was given to the jury after which inquiry was made as to whether the jury could disregard the offending comment. All of the members of the jury indicated they could so abide by the limiting instruction.

There was no evidence of plaintiff's alcoholism presented during the trial of this case. Counsel's reference to such condition was unintentional. In deciding whether to accede to plaintiff's motion, the Court must determine whether the reference to alcoholism within the context of this case was of such a nature as to warrant setting aside the jury verdict.

At the beginning of the trial, the jury was cautioned by the Court that opening statements and closing arguments of the attorneys were not to be considered as evidence in the case and that their decision must be based upon the evidence introduced and the instructions of the Court. In addition, they were told that they were to disregard any evidence to which an objection was sustained or which had been ordered stricken by the Court.

Promptly upon counsel having alluded to plaintiff's past history of alcoholism, the Court sustained the objection of counsel for the plaintiff and gave the limiting instruction. No further mention of the matter was made by defendant's counsel.

Was the action of the Court sufficient to correct the effect of counsel's comment and deny the plaintiff a new trial? As was noted by the Court in *Maxey v. Hubble*, 238 Va. 607, 614-15 (1989):

[g]enerally a new trial will be denied where improper argument has been checked by the court and the jury has been instructed to disregard the improper statements. If, however, counsel persists in such argument after the admonition of the court, or if it appears that the unfavorable influence of the argument was probably not wholly removed by the court's action, a new trial may be allowed.

474

It is the established rule in Virginia:

> that a judgment will not be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party. *Saunders v. Commonwealth*, 218 Va. 294, 303 (1977).

This rule is subject to the exception that, "if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, then the defendant is entitled to a new trial." *Lewis v. Commonwealth*, 211 Va. 80 (1970). Where counsel in a personal injury action inadvertently refers to insurance coverage, such reference will be deemed to be harmless error if, "it appears from the record that the parties have had a fair trial on the merits and substantial justice has been done." *Davis v. Maynard*, 215 Va. 407, 408 (1975); *Forsberg v. Harris*, 238 Va. 442, 445 (1989).

Plaintiff relies upon *Meade v. Belcher*, 212 Va. 796 (1972), in support of his motion. However, the Court believes such reliance to be misplaced. In *Meade*, it is significant to note that it was the "trial court's tacit approval" of the offending comment by counsel which would result in a new trial on the issue of negligence. *Id.* at 798; *cf. Lewis v. Commonwealth*, 211 Va. 80 (1970).

In the instant case, there was no evidence which would have established a nexus between a somatoform pain disorder and a history of alcoholism. The existence or presence of a history of alcoholism was not one of the bundle of factors to be considered in the diagnosis of the disorder. The injection of a history of alcohol abuse into the trial would be of no significance in evaluating the significance of the plaintiff's damages. Furthermore, there was nothing to indicate alcohol was a contributing factor to the accident. Thus, it is only in isolation that the comment is to be considered.

The Court finds that the parties had a fair trial. Timely objection to the offending comment was made and promptly ruled upon by the Court. After a poll of the jurors revealed that they could disregard defense counsel's comment concerning alcoholism, the trial was allowed to proceed. A past history of alcoholism, except as a possible reflection on the character of the plaintiff, could not have affected the findings of the jury. This isolated and unintended comment in closing argument, while not favored, was a form of improper conduct which was susceptible of being remedied by the instructions

of the Court. There is no manifest probability that the argument was prejudicial to the plaintiff.

Accordingly, the Court will deny the motions of the plaintiff and enter final judgment consistent with the jury verdict.