COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ALAIN WAMPOUILLE
                                    MEMORANDUM OPINION[*]
v.    Record No. 1006-99-4              PER CURIAM
                                      MARCH 7, 2000
ANDREA B. BARNETT


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Jonathan C. Thacher, Judge

        (Patricia Ladnier, on briefs), for appellant.

        (John E. Drury, on brief), for appellee.


     Alain Wampouille appeals the decision of the circuit court

awarding Andrea B. Barnett $38,000 in attorney's fees incurred in

connection with litigation on Wampouille's motion to modify

visitation and Barnett's motion to compel compliance with the

parties' property settlement agreement.  On appeal, Wampouille

contends that the trial court abused its discretion because (1)

the evidence did not support the trial court's rationale that the

hearing was "90-some percent" about the disputed TIAA-CREF

account; (2) Wampouille did not breach his fiduciary duty to the

parties' child; (3) it was impossible for Wampouille to comply

with his obligations under the parties' separation agreement; (4)

there was no agreement due to a mutual mistake by the parties; (5)

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

laches barred Barnett from seeking the requested relief; (6) the trial court considered and awarded Barnett attorney's fees for issues previously litigated and ruled upon; (7) Wampouille's objections to the attorney's fees were excluded as a sanction for alleged discovery violations although no hearing had been held and no order entered compelling more adequate responses as required by Rule 4:12; (8) the award included attorney's fees incurred after the June 11, 1998 hearing which were not in evidence at that or subsequent hearings; (9) the evidence supporting the award was inadequate because Barnett failed to present contemporaneous time records or copies of the bills; and (10) Wampouille presented evidence of settlement efforts and the relief Barnett requested at trial exceeded the relief requested in her motion to compel. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

> "The burden is on the party who alleges
> reversible error to show by the record that
> reversal is the remedy to which he is

-

> entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

The record demonstrates that wife expended considerable effort in her attempt, through discovery and litigation, to determine whether Wampouille had complied with the parties' property settlement agreement concerning the transfer of his TIAA-CREF account. Under the agreement, Wampouille was to transfer his TIAA-CREF account to a separate account in the name of the parties' child, Sophie, to pay her college expenses. The account was valued at $5,392 on December 31, 1986, when Sophie was one year old. Wampouille purchased a twenty-year annuity naming Sophie as the beneficiary, which paid out dividends quarterly into a trust account in Sophie's name administered solely by Wampouille. Wampouille retained the power to change the beneficiary and retained a reversionary interest in the annuity. Although the TIAA-CREF was valued at $7,252 in June 1989, the trust account in Sophie's name held $4,271 in May 1997. The court found that Wampouille failed to comply with the terms of the parties' settlement agreement and breached his fiduciary duty to his daughter "by engaging in self dealing by making that account one which [he] had a reversionary interest in."

-

## Percentage of Attorney's Fees

Wampouille contends that an analysis of the hours expended by Barnett's attorney and the attorney's fees demonstrates that the trial judge was incorrect when he stated, at the closing of the March 25, 1999 hearing, that "90-some percent – in excess of 90% of the hearing was TIAA-CREF. That is what this case was about." The trial court had previously explained to counsel his decision to award attorney's fees to Barnett. The decision is amply supported by the documentation in the record, the trial court's opinion letter, and the written order. We find no merit in Wampouille's attempt to minimize the full import of the trial court's ruling and the exercise of its discretion by turning a closing comment made by the trial judge from the bench into a mathematical exercise.

## TIAA-CREF ACCOUNT

Wampouille raises several substantive challenges to the trial court's determination that he failed to comply with the terms of the parties' property settlement agreement and breached his fiduciary duty to Sophie. We find no error in the trial court's decision.

As set out in its January 7, 1999 opinion letter, the trial court found that Wampouille breached the settlement agreement by failing to transfer the full value of his TIAA-CREF account into a fund for Sophie's benefit. Wampouille purchased a twenty-year annuity, paying "meager dividends" quarterly to an account

-

administered by Wampouille.  The record indicates that the annuities paid 2.09% in interest for the period closing December 1998.  Although Wampouille reported the total balance of his TIAA-CREF accounts as $7,252 in June 1989, the closing balance held in Sophie's trust account as of December 1998 was $5,325.

The parties presented extensive evidence and argument concerning Wampouille's actions in setting up an account paying interest only for Sophie's benefit while maintaining the reversionary interest.  The trial court did not find Wampouille's explanations credible.  It is black letter law that "[a] fiduciary owes total fidelity to the interests of his principal.  While the relationship continues, he may engage in no self-dealing which may have any adverse effect on the interests of his principal."  State Farm Mut. Auto. Ins. Co. v. Floyd, 235 Va. 136, 143, 366 S.E.2d 93, 97 (1988).  The trial court's decision is supported by evidence in the record, and we will not reverse its determination.

Wampouille also contends it was impossible for him to comply with the terms of the agreement.  As the party raising this defense, Wampouille was required to present sufficient evidence to support this contention.  Contrary to the assertion in Wampouille's brief, Barnett was under no obligation to present evidence that this provision of the parties' agreement "was not impossible to perform."  The trial court rejected Wampouille's argument.  Evidence supports the trial court's determination.

-

The trial court rejected Wampouille's argument that the provision was a mutual mistake by the parties and, therefore, there was no agreement. Even assuming arguendo that there was an initial mutual mistake of fact by the parties concerning Wampouille's ability to transfer the TIAA-CREF account into a new account in Sophie's name, which the evidence does not establish, Wampouille did not notify Barnett of this alleged mistake at any time prior to these proceedings. Instead, he made the irrevocable election to purchase the annuity while retaining a reversionary interest. We find no error in the trial court's decision.

Wampouille also contends that Barnett was barred by laches from alleging a breach of fiduciary duty. No evidence indicated that Barnett was aware that Wampouille retained a reversionary interest on the TIAA-CREF account. The trial court did not find the evidence of this defense convincing, and we do not find that the trial court's decision was clearly wrong.

## Fees Awarded After Final Orders

Wampouille contends that the trial court was barred from awarding attorney's fees attributable to issues previously litigated. We find no merit in this contention. The current round of litigation between the parties began with Wampouille's Petition to Re-open File and To Enforce Visitation and To Modify Custody and Visitation. Barnett filed a Motion to Compel Production of Documents in May 1997 and a Motion to Compel Compliance with Property Settlement Agreement in August 1997.

-

Barnett's attempts to uncover the status of the TIAA-CREF account were met by repeated resistance. In March 1998, Barnett moved for an award of attorney's fees incurred in connection with Wampouille's motion to modify visitation and her motion to compel compliance with the agreement. Sophie's counsel also moved for an award of attorney's fees. The trial court granted the request for attorney's fees for the reasons set out in its opinion letter of January 7, 1999. Wampouille points to no previous order of the trial court specifically addressing and denying attorney's fees. Therefore, the trial court was not barred from awarding attorney's fees as warranted under the circumstances of this case.

### Sanctions for Discovery Violations

"Rule 4:12 gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990). Wampouille contends that the trial court abused its discretion by striking his objections to Barnett's legal expenses in response to Wampouille's discovery violations. We find no abuse of discretion.

In its January 7, 1999 opinion letter, the trial court asked counsel "if possible to stipulate as to the authenticity of [Barnett's] attorney's fees itemization, not as to its reasonableness." Wampouille's counsel refused to stipulate, citing the need to preserve issues for appeal. The trial court

-

set a final hearing for all remaining issues on March 25, 1999,

stating:

> This case is going to be brought to closure
> on the 25th without any questions.
> Everything in this case is going to be
> filed, if it is going to be filed.  Anything
> and everything to be filed is to be filed by
> March 1.  Anything not filed by March 1 is
> waived.  Everybody clear?

Both attorneys acknowledged the court's deadline, which the

court then reiterated:  "Anything not filed by March 1 is

waived.  No ifs, ands or buts.  I'm not going to hear it."

Notwithstanding the court's clear direction, Wampouille

failed to respond to the interrogatories promulgated by Barnett

on January 27, 1999 concerning the reasonableness of the

attorney's fees.  On March 8, 1999, Wampouille e-mailed unsigned

answers to the interrogatories that the trial court

characterized as "incomplete, evasive, inappropriate and

improper."  Counsel mailed another slightly modified signed

version that was received by Barnett's counsel on or about March

20, 1999.  Wampouille's counsel then sought to introduce a

detailed objection to Barnett's attorney's fees, which the court

refused because counsel failed to respond to discovery pursuant

to the deadline previously set.

The trial court was entitled to sanction Wampouille for his

inadequate response to the interrogatories by striking his

pleading.  See Rule 4:12(b)(2)(C).  We find no abuse of

discretion.

-

## Post-June 1998 Evidence

We find no merit in Wampouille's contention that Barnett was not entitled to attorney's fees incurred after June 18, 1998 because there was no supporting evidence introduced at the June 18, 1998 hearing.  Barnett submitted documentation supporting the claimed attorney's fees at each of the subsequent hearings following the June 1998 hearing.  The evidence supported the trial court's decision.

## Contemporaneous Time Sheets

We find no merit in Wampouille's argument that Barnett was not entitled to attorney's fees in the absence of contemporaneous time sheets.  The trial court found that Barnett produced sufficient evidence documenting the claimed attorney's fees. Evidence in the record supports that factual finding.

## Evidence of Settlement

Finally, Wampouille contends that the trial court abused its discretion by ordering him to pay attorney's fees despite evidence that he sought to settle the claims in an effort to reduce litigation.  In light of the finding of the trial court that Wampouille's motion to modify custody was filed despite the fact that counsel knew or should have known it lacked merit, that Wampouille failed to comply with the terms of the parties' agreement, and that he attempted to obfuscate his fiduciary breach by incomplete responses to discovery, we find no merit in this argument.

-

Based on the number of issues involved and the parties' level of cooperation, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>