## CIRCUIT COURT OF ARLINGTON COUNTY

Karl LeChow

v.

Matthew Reese

September 10, 2003

Case No. (Law) 02-947

BY JUDGE WILLIAM T. NEWMAN, JR.

This motion presents the question of whether evidence of insurance and subrogation may be allowed at trial. For the reasons set forth below, the Court holds that evidence of insurance and subrogation may not be mentioned by counsel during trial nor may evidence of insurance be admitted.

### I. *Background*

Defendant Matthew Reese leased an apartment from the Plaintiff Karl LeChow. On May 18, 2001, Defendant is accused of negligently causing a fire in the apartment, which caused substantial property damage.

The Plaintiff was insured under a policy issued by SAFECO Insurance Company of America (SAFECO). SAFECO compensated Plaintiff for the claim of destruction of property and then became subrogated to Plaintiff's claim against Defendant. SAFECO filed this action under the name of its insured in lieu of the company's name. SAFECO seeks to prohibit, during trial, any mention of the company's involvement in the case or its compensation to the Plaintiff.

### II. *Legal Analysis*

In making its ruling on the Plaintiff's motion, the Court analyzed an insurance company's ability to bring suit in the insured's name and the admissibility of evidence of insurance during trial.

SAFECO has statutory authority to bring a cause of action in the name of its insured. Va. Code § 38.2-207 speaks to insurance company subrogation and allows an insurance company discretion in choosing the style of the case.

> Except for contracts or plans subject to § 38.2-3405 or § 38.2-2209, when an insurer pays an insured under a contract of insurance which provides that the insurer becomes subrogated to the rights of the insured against any other party, that insurer may enforce the legal liability of the other party. *This action may be brought in its own name or in the name of the insured or the insured's personal representative.*

Va. Code § 38.2-207 (emphasis added).

The statute clearly allows for insurance companies to proceed in suits for compensation under the insured's name, at the discretion of the insurance company. Allowing the Defendant to mention subrogation in court would undermine the statute. If the statute was written to facilitate subrogation and avoid unfair prejudice against insurance companies, which this Court believes it was, then allowing evidence of subrogation would defeat the statute's actual intent. The choice that the statute grants an insurance company cannot be stripped away from Plaintiff by the Defendant.

The fact that a defendant or plaintiff carries insurance is not generally admissible at trial. Supreme Court Rule 4:1(b)(2) states that insurance agreements are discoverable but not admissible in evidence at trial. The rule speaks to insurance held by a defendant, but it can be seen as analogous to a plaintiff's insurance. "One who by his negligence has injured another owes to the latter full compensation for the injury inflicted by him, and payment for such injury from a collateral source in no way relieves the wrongdoer of his obligation." *Walthew v. Davis*, 201 Va. 557, 563, 111 S.E.2d 784 (1960). Additionally, it is reversible error for a trial court not to grant a mistrial where a reference to insurance through either the admission of evidence or argument of counsel is deliberate and for improper purposes. *Travelers v. Lobello*, 212 Va. 534, 535, 186 S.E.2d 80 (1972); *Hope Windows, Inc. v. Snyder*, 208 Va. 489, 493, 158 S.E.2d 722 (1968).

Under its contract with the Plaintiff, SAFECO has compensated the Plaintiff for damage caused by the fire. By learning that the Plaintiff has already been compensated or "made whole," the jury might be swayed to award less to the Plaintiff for the benefit of the insurance company. The ability of SAFECO to recover based on a jury's fair finding of fault on the part of the Defendant would be impaired by the jury's knowledge of the Plaintiff's insurance.

### III. *Conclusion*

The Court finds that Va. Code § 38.2-207 governs, and the insurance company should go unmentioned as the party in interest unless SAFECO chooses to bring the case under its own name. No evidence of insurance will be admissible at trial. However, relevant evidence, such as an investigation conducted by the insurance company should be admitted. Additionally, positive statements disguising the true beneficiary of the case will not be allowed.

For the foregoing reasons, the Court grants the Plaintiff's motion and will exclude evidence of insurance and subrogation.