# CIRCUIT COURT OF THE CITY OF RICHMOND

Darrell Mauney, Jr.

v.

CSX Transportation, Inc.

October 9, 2012

Case No. CL11-3981

By Judge Melvin R. Hughes, Jr.

This is a case arising under 45 U.S.C. §§ 51-60, the Federal Employers' Liability Act (FELA). Plaintiff, a railroad employee, alleges injuries as a result of Defendant's negligence which occurred during a ride in a vehicle on railroad company property while employed by Defendant railroad. Before the court is Plaintiff's Motion *in Limine* and Motions to Exclude (Motion), in which Plaintiff requests that Defendant be precluded from eliciting statements from his treating physician when called by Defendant to testify and contained within a signed "Supplemental Disability Claim Form" (Claim Form) dated December 2, 2010. This claim form was issued by Provident Life and Accident Insurance Company, Railroad Disability Claims. Plaintiff's Motion also requests that the Court address issues regarding Mr. Bare's testimony; however, the Court will wait to address this part of the Motion until the parties have submitted briefs addressing these issues. Plaintiff's Motion to preclude Defendant's introduction of the Claim Form will be denied.

Va. Code § 8.01-399(B) states, in pertinent part, that:

> If the physical or mental condition of the patient is at issue in a civil action, the diagnoses, signs and symptoms, observations, evaluations, histories, or treatment plan of the practitioner, obtained or formulated as contemporaneously documented during the course of the practitioner's treatment, together with the facts communicated to, or otherwise learned by, such practitioner in connection with such attendance, examination, or treatment shall be disclosed but only in discovery pursuant

to the Rules of Court or through testimony at the trial of the action.

Va. Code § 8.01-399(B).

Here, the Claim Form was written during Dr. Simpson's course of treatment of Plaintiff. The Claim Form falls within the scope of § 8.01-399(B). The statute allows for the disclosure of Plaintiff's diagnosis, etc. by a treating health care practitioner when contemporaneously documented, but only during discovery or at trial. The Claim Form contains a "diagnosis" of "spinal stenosis" and lists the dates that the physician, Dr. Simpson, treated Plaintiff and Plaintiff's next appointment. Here, the parties agree that the Claim Form was written during Plaintiff's course of treatment. Otherwise, as contemporaneously done, it is subject to disclosure by discovery and available for use at trial under the terms of the statute.

In part 10a, the Claim Form states that Plaintiff was unable to perform his regular duties from "11/10/10 'to' 1/10/11 or when released." Written above "1/10/11" is the word "approximately." In part 11, the Claim Form states that Plaintiff can return to work on "approximately 1/10/11 or when released." While this may suggest speculation on the doctor's part, this can be the subject of cross-examination when the doctor testifies.

Further, in 10b of the Claim Form, under the words "If patient was released to restricted duty, please indicate all restrictions and applicable dates," Dr. Simpson wrote, "N/A," a symbol that commonly stands for "not applicable." According to Merriam-Webster's Dictionary, "applicable," means "relevant; suitable; appropriate," thus, not applicable means not relevant; not suitable, not appropriate. *Merriam-Webster Dictionary* (1995). The only clear interpretation of this section of the Claim Form is that Dr. Simpson was not then prepared to state what duties Plaintiff would be able to perform if he returned to work. This too can be a matter for examination at trial.

There is the matter of the Claim Form's reference to the topic of insurance at trial. The worry is that the testimony based on the Claim Form would necessarily "inject the subject of insurance in the trial and risk[] impairing the jury's impartiality." *Woodbury v. Courtney*, 239 Va. 651, 655 (1990).

Appropriate safeguards can be made when and if the Claim Form is admitted into evidence by instruction and the elimination of any references to insurance on the document itself. At trial, the court can then determine if any mention of insurance outweighs probative value.

For the reasons stated above, the Court will deny Plaintiff's motion.